## S. M. YORK v. E. YSAGUAIRRE.

Decided December 17, 1902.

**Injunction—Restraining Penal Violation of the Sunday Laws.**

Injunction to restrain a barber from keeping his shop open on Sunday in violation of article 196 of the Penal Code, will not lie at the suit of another barber upon the ground that such action by the defendant gives him an unfair advantage in business over the complainant, since this does not involve invasion of any property right.

Appeal from the District Court of Bexar. Tried below before Hon. S. J. Brooks.

*Chas. W. Ogden* and *W. H. Lipscomb,* for appellant.

*I. C. Baker,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is an application for injunction, sought by appellant to restrain appellee from keeping his barber shop open on Sunday, in the city of San Antonio, and from permitting the general public having access thereto for the purpose of having work done, and from performing any labor in the barber shop, or requiring any of his employes to work in violation of article 196 of the Penal Code of Texas. The District Court denied the injunction.

Appellant alleged that he and appellee were barbers in the city of San Antonio; that both employed a number of journeymen barbers; that appellant closes his shop on Sunday, and does not labor on that day, and appellee keeps his shop open. The petition continues:

"That defendant, who is, as hereinafter alleged, plaintiff's competitor in business, for the patronage of the general public, does not now, has not in the past, and does not in the future, intend to pursue his said trade and occupation and conduct his said barber shop in a lawful manner, in this: That the defendant does now, has for some time past, and intends in the future, on each and every Sunday, to solicit and receive in his said barber shop the patronage of the general public, permitting the public to have access to his place of business, and himself to unlawfully perform labor as a barber, and, as proprietor of the barber shop, to unlawfully permit and encourage his employes, workmen, and apprentices to labor in the defendant's said barber shop on each and every Sunday.

"That many persons, to the number of about sixty, for whose patronage plaintiff and the defendant are competitors, enter the defendant's said barber shop on each and every Sunday, and, for such persons, the defendant and his employes, workmen, and apprentices, perform labor, as barbers, for pay, and the said defendant does now, has for some time past, and intends in the future to pursue his said trade and occupation and conduct his said barber shop on each and every Sunday in the same

manner as the same is conducted on each and every other day in the week.

"That the defendant, by pursuing his said trade and occupation, and by conducting his said barber shop in the unlawful manner as hereinbefore alleged, subjects this plaintiff, while in the pursuit, in a lawful manner, of his trade and occupation, and while conducting his barber shop in a lawful manner, to unlawful and unfair competition, to the great and irreparable injury of the plaintiff, in this: That there are many persons, for whose patronage plaintiff and the defendant are competitors, who prefer, as a matter of convenience, to give all of their patronage to and become regular customers of a barber shop which is accessible to them, and wherein they can have tonsorial work done for them on Sunday, and who, for that reason, patronize the defendant's barber shop in preference to that of this plaintiff, and for whose patronage this plaintiff is by the defendant, and by the unlawful manner in which the defendant is pursuing his said trade and occupation and conducting his said barber shop, deprived of the opportunity to compete, whereas if the defendant pursued his said trade and occupation and conducted his said barber shop in a lawful manner, as does this plaintiff, then this plaintiff would have an opportunity to compete with the defendant for the patronage of all such persons, on fair and equal terms, as is plaintiff's lawful right to do; and further, in this: That the work unlawfully done, as hereinbefore alleged, in defendant's barber shop on each and every Sunday, diminishes to that extent the need and demand for the services of a barber, which the general public otherwise would have, on the other days of the week upon which said work can lawfully be done, and thus this plaintiff is by the defendant and by the unlawful manner in which the defendant is pursuing his said trade and occupation, and by the unlawful manner in which the defendant is conducting his said barber shop, as hereinbefore alleged, deprived of the opportunity to compete, on fair and equal terms, with the defendant, for such portion of the patronage of the general public as is secured by the defendant by keeping his said barber shop open on Sunday, as hereinbefore alleged, whereby this plaintiff is by the defendant and by the unlawful manner in which said defendant is pursuing his said trade and occupation, and is conducting his said barber shop, deprived of the fundamental right and privilege which this plaintiff is entitled to and ought to enjoy as a lawabiding citizen, of competing for and receiving in and for plaintiff's said barber shop, a fair, just and legitimate portion of the public patronage.

"That defendant well knows that plaintiff is pursuing his said trade and occupation in a lawful manner, and conducts his barber shop in a lawful manner, and that the plaintiff does not himself, nor does he require or permit any of his workmen, employes, or apprentices to do or perform any work or labor in his, plaintiff's, barber shop, on any Sunday, and that defendant well knows that plaintiff can not keep his said barber shop open on Sunday, and do and perform labor therein for the

general public, nor can he force, encourage or permit his workmen, employes, or apprentices so to do without violating the express provisions of said article 196 of the Penal Code of the State of Texas, and that the defendant, so well knowing, and for the purpose and with the intention of soliciting, securing and enjoying an unfair proportion of the public patronage, and thereby unlawfully placing this plaintiff at a disadvantage in competing for the patronage of the general public, and thereby injuring this plaintiff while in the pursuit of his said trade and occupation, and while conducting his said barber shop in a lawful manner, and thereby depriving this plaintiff of his just and fair proportion of the patronage of the general public, and of the remuneration and compensation which would and ought to flow to the plaintiff therefrom, he, the said defendant, does, as hereinbefore alleged, in violation of and in defiance of said article 196 of the Penal Code of the State of Texas, keep his said barber shop open on each and every Sunday, and intends to continue so to do, and does himself do and perform labor as a barber for the general public, and, as proprietor of said barber shop, does permit and encourage his, the said defendant's workmen, employes, and apprentices to do and perform labor for the general public on each and every Sunday, and intends to continue so to do, to this plaintiff's great and irreparable injury and damage.

"That plaintiff is entirely without any remedy at law to protect himself against the unfair and unlawful competition to which he is subjected by the defendant and by the unlawful manner in which the said defendant is pursuing his said trade and occupation, and conducting his said barber shop, as hereinbefore alleged."

There is in the petition no allegation that property rights of appellant have been invaded, and it is apparent that the design is to restrain the violation of a penal statute because such infraction of law is supposed to give the violator some advantage over appellant in the occupation followed by each of them. It is an attempt to secure the aid of a court of equity to restrain a violation of a criminal law, not because the violator has invaded the property rights of complainant, but because such a violation will give the criminal an advantage over his competitor in business. We do not think a court of equity can lend its aid in any such case.

The case of Vegelahn v. Gunther, 35 Law. Rep. Ann., 722, was one in which strikers were interfering with the business of another by placing a patrol near his place of business, and a majority of the court held that such acts could be restrained by injunction. The court said: "It is true ordinarily a court of equity will decline to issue an injunction to restrain the commission of a crime; but a continuing injury to property or business may be enjoined, although it may also be punishable as a nuisance or other crime." That case has carried "government by injunction" as far perhaps as any ever delivered in the United States by a State court, and met with vigorous dissent from two of the judges, one of whom, Judge Holmes, has since been transferred to the Supreme

Court of the United States. That case, however, does not go to the extent demanded in this case, for the crime in that case was aimed directly at the business of the complainant, while in this it is a violation of law that affects alike all barbers in San Antonio, if not the general public. The allegations in the petition indicate that appellee was not directing his efforts towards injury of appellant, but to the acquisition of money, and his method of obtaining it did not interfere with any property rights of appellant.

The case of People v. District Court (Colo.), 58 Pac. Rep., 604, presents more similarity to this case than any that has come under our observation. In that case an injunction was applied for to restrain the operation of gambling houses in the city of Leadville, said gambling being in violation of the penal statutes of the State. The petitioner alleged that the gambling was carried on in close proximity to her property, and injured her property, as well as that of the general public. She further alleged that the sheriff, district attorney, police and other city officers refuse to interfere with the gambling. The court denied the injunction.

In the case of State v. Patterson, 14 Texas Civ. App., 465, the rule is clearly stated which must conclude appellant in this case. In that case it is said: "It is only when property or civil rights are involved, and an irreparable injury to such rights is threatened or is about to be committed, for which no adequate remedy exists at law, that courts of equity will interfere by injunction for the purpose of protecting such rights. The injury threatened to such rights may, if committed, constitute a crime, and subject its perpetrator to punishment under the criminal law; yet, as his punishment would furnish him whose property or civil rights have been irreparably injured by the acts constituting the offense no compensation for such injury, courts of equity will interfere to prevent such an injury, notwithstanding the commission would constitute a criminal offense, not because it would be a crime, but because the injury to such rights would be irreparable."

No right of property or of business has been invaded in this case, but the petition is at most a complaint that appellee is enticing away the customers of appellant by violating the laws of the State.

Article 196 of the Penal Code provides for the punishment of persons who labor on Sunday, or who compel their employes to work on Sunday, and if it were enforced, as it should be by law-abiding citizens, will close barber shops or any other places of business against which its provisions are directed. That law will give adequate protection to appellant against the criminal acts of which complaint is made, if properly enforced, and appellant is in no position to claim the assistance of a court of equity so long as that relief is held out to him in a court of law. Beach on Inj., sec. 26.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

The last paragraph, in regard to article 196 of the Penal Code being an adequate remedy for appellant, may be misleading and is unnecessary to a proper disposition of this case, and is therefore withdrawn from the opinion. The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.