### CHARLES H. MERZ v. H. L. MURCHISON.

1. UNSKILLFUL PRACTICE OF MEDICINE NOT ENJOINABLE.

   The practice of medicine or surgery will not be enjoined merely because such practice is unskillful, patients may be injured rather than benefited thereby, or because the patients are deceived by false claims of skill.

2. MEDICAL REGISTRATION ACT—ITS PURPOSE.

   Section 4403c Rev. Stat., prescribing who may practice medicine, is designed to protect the public, and notwithstanding some incidental benefits result to those having the necessary qualifications to practice, by excluding others not qualified, it is not intended to confer special privileges upon licensed practitioners, for the protection of which as a property right they may invoke equitable aid to restrain unlawful competition by unlicensed practitioners.

3. EQUITY WILL NOT PREVENT UNLAWFUL PRACTICE OF MEDICINE.

   Injunction will not lie to prevent the practice of medicine by one having no legal certificate therefor, the only ground urged for such relief being the diminution of profits to one lawfully engaged in such practice, by means of the unlawful competition.

[Syllabus approved by the court.]

APPEAL from Erie common pleas court.

**O. E. Harrison** and **King, Guerin & Ramsey,** for plaintiff.

Merz v. Murchison.

**Williams & Steinemann** and **John Ray,** for defendant:

Cited and commented on the following authorities: 1 High, Injunctions (4 ed.) Secs. 20, 769; *Smith* v. *Lockwood,* 13 Barb. (N. Y.) 209; *State* v. *Ottman,* 6 Dec. 265 (4 N. P. 195); *State* v. *Hobert,* 11 Dec. 166 (8 N. P. 246); *People* v. *District Court of Lake County,* 26 Colo. 386 [58 Pac. Rep. 604; 46 L. R. A. 850].

## PER CURIAM.

The plaintiff, a physician and surgeon of the city of Sandusky, brought this action in the court of common pleas to enjoin alleged unlawful and unfair competition by the defendant. The case is brought to this court by appeal. It presents an important and interesting question not heretofore, so far as we are apprised, specifically considered or determined in any court of this state or other jurisdiction. The defendant was engaged in the practice of what he denominates, not medicine or surgery, for which he concedes that he had no license under the medical examination and registration law of Ohio, but the "chiropractic" adjustment of displaced spinal vertebrae, with the result, as claimed, of effecting remarkable and speedy cure of numerous if not all bodily ailments.

The evidence before us discloses that the defendant is under indictment for alleged violation of the statute referred to (Sec. 4403c Rev. Stat.). With this matter, however, we are not concerned, but the fact that the acts of defendant may be such as are forbidden by this penal enactment, may have an incidental bearing on the question of our power as a court of equity to prevent them.

There appears to be no serious contention by counsel for plaintiff but that his claim to the equitable interposition of this court is based mainly, if not wholly, upon this statute. Without legal provisions for the examination and licensing of physicians and surgeons, one person would be as free as another to practice these professions without interference from the courts. True, there are in the plaintiff's petition averments that the acts of defendant are fraudulent in intent as well as illegal under the statute, but little emphasis has been placed on this assertion in argument or support given to it by evidence. However unfounded may be defendant's claims as to the merits of the "chiropractic" method of removing the cause of disease, and with regard to this we express no opinion, we are not convinced that he knows or believes such claims to be false. But were it otherwise, it is not apparent that the position of the plaintiff from a legal or equitable standpoint would be greatly strengthened. A court will not interfere with the practice of medicine or surgery by one person on the petition of another, merely because such practice is

unskillful and patients may be injured rather than benefited thereby, nor because the patients are deceived by false claims of skill.

The plaintiff relies rather on what he earnestly urges is a property right to practice medicine and surgery conferred on him by his statutory license, and an interference with that property right by the unlawful competition of a person unlicensed.

Probably the statute rather qualifies rights heretofore existing than confers new ones. It is not apparent that the law could stand the test of the constitutional requirement that laws shall be for the equal benefit. and protection of the people, if it had no object, purpose or effect other than to confer special privileges upon certain people having certain qualifications to practice medicine, through excluding from such practice all others not so qualified. The constitutionality of the statute is based on the police powers of the legislature, and whatever benefit is derived from the statute by those engaged in the practice of medicine and surgery is only incidental. The circle of competition may be narrowed by excluding unlicensed competitors, but that is not the purpose of the law. *Palmer* v. *Tingle,* 55 Ohio St. 423, 440 [45 N. E. Rep. 313] ; *State* v. *Gardner,* 58 Ohio St. 599 [51 N. E. Rep. 136; 41 L. R. A. 689; 65 Am. St. Rep. 785].

The statute, which is designed to protect the public, contains certain penal provisions enforcible in behalf of the public. Can a private individual invoke it in his own behalf and in a civil proceeding prevent the very acts which the statute makes criminal?

We quote this language from an opinion by Lord Mansfield, 2 Burr. 803:

"The rule is certain 'That where a statute creates a new offense, by prohibiting and making unlawful anything that was lawful before; and appoints a specific remedy against such new offense (not antecedently unlawful) by a particular sanction and particular method of proceeding, that particular method of proceeding must be pursued and no other.' "

This rule is followed and applied in *Hancock Co.* (*Comrs.*) v. *Bank of Findlay,* 32 Ohio St. 194, 200, 201, and asserted in other phraseology in *State* v. *Dairy Co.* 62 Ohio St. 123, 126 [56 N. E. Rep. 651].

We refer also to High, Injunctions (4 ed.) Secs. 20 and 769. In the latter section the author asserts that an injunction will be withheld against the perpetration of an act prohibited by public statute, the only ground urged for the relief being the diminution of the profits of a trade or business pursued by complainant in common with others.

While no reported case precisely like the one under our consideration has been cited to us, the courts of New York and Texas have passed upon

conditions and contentions very analogous and have refused the relief here sought.

We refer to the cases of *Smith* v. *Lockwood,* 13 Barb. (N. Y.) 209; and *York* v. *Yzaguairre,* 71 S. W. Rep. 563 (Tex.).

The principles enunciated in those cases, so far as applicable to the case before us, we are disposed to adopt. We have found no others so pertinent to our inquiry.

It is the judgment of the court that plaintiff's petition be dismissed.

---

## ATTORNEY AND CLIENT—PLEADINGS—VERDICTS.

[Richland (5th) Circuit Court, October 28, 1908.]

Winch, Henry and Marvin, JJ.

(Judges of eighth judicial circuit sitting in place of judges of fifth judicial circuit.)

DOUGLASS v. DOWNEND ET AL.

1. COMPLETE DEFENSE TO ACTION FOR QUANTUM MERUIT.

In an action for a *quantum meruit* for professional services rendered by an attorney, it is a complete defense that the plaintiff agreed before entering upon the case that he would, if necessary, prosecute it to the court of last resort for a contingent fee of one-third of the amount of the judgment recovered, and that subsequently, after losing the case in the court below, he refused to prosecute it to the highest court unless paid for so doing, and thereupon he was dismissed from further participation in the case.

2. JUDGMENT ON THE PLEADINGS PROPER PRACTICE.

A confession and avoidance is not inconsistent with the allegations of the petition, and where the reply denies nothing in the answer except what is "inconsistent with the petition," a court may properly give judgment for the defendant on the pleadings. But where this was not done, and the case was tried to a jury who found for the defendant and judgment was rendered on their verdict, it is immaterial whether or not improper evidence was admitted, or the jury was misdirected, or other errors intervened at the trial.

[Proof of this decision and syllabus has been submitted to Judge Henry and corrected.]

ERROR to the court of common pleas of Richland county.

**Douglass & Mengert** and **Reed & Beach,** for plaintiff in error.
**S. L. Americus,** for defendant in error.

HENRY, J.

In this proceeding in error the parties stand in the relation in which they stood below. The petition below counts upon a *quantum*