BARRY v. STATE. (No. 9169.)

(Court of Civil Appeals of Texas. Ft. Worth. April 26, 1919.)

1. INJUNCTION ⟲⟳118(1) — PETITION—SUFFICIENCY—VIOLATION OF SUNDAY LAWS.

In suit by the state to enjoin the operation of a moving picture show on Sunday as in violation of Penal Code, art. 302, a petition failing to allege facts showing that defendant was actually conducting such a show in violation of the statute *held* insufficient.

2. INJUNCTION ⟲⟳102—GROUNDS—VIOLATION OF CRIMINAL STATUTES.

An injunction will not issue to restrain the operation of a moving picture show on Sunday, where such operation constitutes a misdemeanor, punishable under Pen. Code 1911, art. 302, and no property rights of complainant are involved.

Appeal from District Court, Eastland County; Joe Burkett, Judge.

Proceedings for injunction by the state of Texas against A. J. Barry. From an order granting a temporary writ, defendant appeals. Order vacated, and writ annulled.

Earl Conner, of Eastland, for appellant.
G. G. Hazel, of Eastland, for the State.

DUNKLIN, J.   A. J. Barry has appealed from an order of the judge of the district court granting a temporary writ of injunction restraining him from operating a moving picture show on Sunday in Eastland County.

The writ was granted in chambers on an ex parte hearing of a petition presented by the county attorney and duly verified by him. The following is a copy of the petition:

"G. G. Hazel, county attorney of said county, represents unto your honor that an information has been presented in the county court of Eastland county, and is now pending therein, against A. J. Barry, the same being criminal cause No. 3417, on the docket of said court, wherein said A. J. Barry is charged with operating a moving picture show on Sunday, February 23, A. D. 1919; that the said A. J. Barry will continue to carry on said business in violation of the law of the state, unless restrained by your honor; that your applicant is interested herein, he being a resident of said neighborhood, and county attorney of said county in which said business is being carried on by the said A. J. Barry. Wherefore your applicant prays that the said A. J. Barry be cited to appear and answer therein, and that your honor hear proof and make an order restraining the said A. J. Barry from carrying on said business on Sunday, or such other order in the premises as your honor may deem advisable."

[1] By article 302 of the Penal Code of the state it is made a misdemeanor punishable by fine for any one to conduct on Sunday a place for public amusement where an admission fee is charged. But, while the petition contains the allegation that an information has been filed against Barry as a basis for criminal prosecution for the offense mentioned, there is no allegation that he has in fact been engaged in operating a moving picture show on Sunday and charging admission fees thereto. The allegation to the effect that Barry "will continue to carry on said business in violation of the law of the state unless restrained by your honor" is a mere conclusion of the pleader without stating the facts which would constitute such a violation of the criminal statute. The absence of any allegation of fact showing that Barry was conducting a moving picture show on Sunday in violation of the criminal statute would, of itself, render the petition for injunction wholly insufficient as a basis for the writ that was issued, even though it could be said that an injunction will lie to restrain a violation of that criminal statute.

[2] Furthermore, in the absence of some special statutory authority therefor, it is a familiar rule that an injunction will not issue to restrain the commission of an act constituting a misdemeanor punishable under the criminal statutes where no property rights of the complainant are involved. York v. Ysaguairre, 31 Tex. Civ. App. 26, 71 S. W. 563; Manor Casino v. State, 34 S. W. 769; 14 R. C. L. pp. 376 to 380.

For the reasons indicated, the order made by the district judge granting the temporary writ of injunction is vacated, and the writ issued thereunder annulled, and this judgment will be certified to the trial court for observance.

---

⟲⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes