**LEWIS et al. v. HARRISON et al.**
(No. 6302.)

(Court of Civil Appeals of Texas. Austin.
Feb. 23, 1921. Rehearing Denied
March 30, 1921.)

**1. Animals ⬅29—Tick Eradication Statute
not unconstitutional or violative of rights of
cattle owners.**

The Tick Eradication Statute (Vernon's
Ann. Civ. St. Supp. 1918, art. 7314 et seq.) in
its application to Coryell county, embraced
within the quarantine zone, *held* not obnoxious
to the Constitution, and not violative of the
rights of cattle owners in the county, personal
or property, because their cattle were free
from statutory diseases or fever-carrying tick.

**2. Injunction ⬅128—Evidence of oppressive
administration of Tick Eradication Law insuf-
ficient to justify injunction against inspector.**

In suit to enjoin the inspector for a county
and local inspectors from requiring cattle to
be dipped under the Tick Eradication Statute
(Vernon's Ann. Civ. St. Supp. 1918, art. 7314
et seq.), evidence *held* insufficient to show the
law was being unreasonably and oppressively
administered.

**3. Injunction ⬅105(1)—Criminal prosecution
will not generally be restrained.**

It is a general rule that equity will not
entertain a suit for injunction to restrain
prosecutions as a prosecution against cattle
owners for violation of the Tick Eradication
Statute (Vernon's Ann. Civ. St. Supp. 1918,
art. 7314 et seq.).

**4. Appeal and error ⬅1050(1)—Admission
of testimony in injunction suit held not preju-
dicial.**

In suit to enjoin the inspector of a county
from requiring cattle to be dipped pursuant to
the Tick Eradication Statute (Vernon's Ann.
Civ. St. Supp. 1918, art. 7314 et seq.), testi-
mony that, instead of being harmful, the dipping
of cattle is beneficial, even if inadmissible, *held*
harmless to plaintiff cattle owners.

**5. Trial ⬅62(2)—In injunction suit testimony
that tick eradication dipping harmless held
admissible in rebuttal.**

In suit to enjoin the inspector of a county
from requiring cattle to be dipped pursuant to
the Tick Eradication Statute (Vernon's Ann.
Civ. St. Supp. 1918, art. 7314 et seq.), testi-
mony that, instead of being harmful, the dip-
ping of cattle is beneficial, *held* admissible in
rebuttal of plaintiff cattle owners' testimony
that dipping caused injuries to their milk and
butter supply.

**6. Evidence ⬅345(1)—Copy of rules of Live
Stock Commission certified by Secretary of
State admissible.**

In suit to enjoin a county inspector from
requiring cattle to be dipped pursuant to the
Tick Eradication Statute (Vernon's Ann. Civ.
St. Supp. 1918, art. 7314 et seq.), certified copy
of the rules and regulations of the Live
Stock Sanitary Commission, not certified by

any member of the Commission, but by the
acting Secretary of State, *held* admissible.

**7. Appeal and error ⬅1050(1)—Admission of
improperly certified copy of rules of Live
Stock Commission not ground for reversal.**

In suit to enjoin the inspector for a county
from requiring dipping of cattle pursuant to
the Tick Eradication Statute (Vernon's Ann.
Civ. St. Supp. 1918, art. 7314 et seq.), admis-
sion of a certified copy of the rules of the Live
Stock Sanitary Commission, not certified by
any member of the Commission, but by the
acting Secretary of State, if erroneous, *held*
not ground for reversal, when complained of
by plaintiff cattle owners, who had the burden
of proving their case.

Appeal from District Court, Coryell Coun-
ty; J. H. Arnold, Judge.

Suit by W. D. Lewis and others against
G. H. Harrison and others. From order dis-
solving temporary injunction, plaintiffs ap-
peal. Affirmed.

Mears & Watkins, of Gatesville, for appel-
lants.

BRADY, J. This is an appeal from an
order dissolving a temporary injunction.
The proceeding arose under what is common-
ly known as the "Tick Eradication Statute"
(Acts 35th Leg. c. 60; Vernon's Ann. Civ.
St. Supp. 1918, art. 7314 et seq.). Appellants,
citizens of Coryell county, sought to enjoin
the inspector for Coryell county and certain
local inspectors from requiring appellants'
cattle to be dipped in the vats and solution
prescribed by the Live Stock Sanitary Com-
mission. The principal grounds relied upon
were that their cattle were free from any
of the statutory diseases, or the fever-car-
rying tick, and that there was no necessity
for dipping; that the solution used was highly
injurious to the animals, resulting in burning
and blistering them and other injuries; that
many of their cattle were milk stock, and
the dipping caused a depreciation in their
milk and butter. It was also alleged that
appellees refused to inspect the cattle, or to
investigate the stock and premises, as it was
their duty to do. The further ground is urg-
ed that appellees had caused criminal pros-
ecutions to be instituted against some of the
appellants, although they were not guilty of
any violation of law. It was also pleaded
that the stock of appellants being free from
any of the statutory diseases, the law and the
rules and regulations of the Live Stock San-
itary Commission, requiring the dipping of
their cattle, were unreasonable, oppressive,
and unconstitutional. The verified petition of
appellants was denied, under oath, by appel-
lees, and it was specially alleged in reply that
the law was being faithfully followed, and
was not being unreasonably and oppressively
administered. The trial judge filed his con-

clusions, stating that he had granted the temporary writ of injunction, without a hearing, based upon the allegations that the inspectors had refused, and were refusing, to inspect appellants' stock, to determine whether or not same were infected with Texas fever, or with the fever-carrying tick or had been exposed thereto; that, after hearing the facts, he was convinced that an inspection or investigation ·had in every instance been made before' requiring the dipping of stock; and that the testimony was such that the law would not be unreasonably and oppressively administered in the future. For these reasons, the order of dissolution was entered.

Most of the appellants' contentions have been decided adversely to them by the Court of Criminal Appeals and other appellate courts. It has been decided that it is not necessary that cattle should be actually infected with ticks in order to make them subject to the law and to the requirement of the Commission that they be dipped. Emberline v. State (Cr. App.) 212 S. W. 953. It has also been held that it is not necessary that each head of cattle or particular herd should be inspected, but only that some fair investigation or inspection should be made. Trimble v. Hawkins, 197 S. W. 224; Castleman v. Rainey, 211 S. W. 630. It was further held that this statute is not a local law within the meaning of the Constitution, and that a local option election is not necessary in order to put the law into effect in a given county. ·

Upon the claim that the law is unconstitutional, as also the rules and regulations of the Live Stock Sanitary Commission, appellants have cited Ex parte Leslie, 223 S. W. 227. In that case a criminal prosecution was dismissed, upon the ground that the statutory notice did not afford due process of law, and upon the further ground that a rule of the Commission authorized the inspectors to make unreasonable and unjust discriminations in the administration of the law, thereby denying the equal protection of the law.

[1] Under the pleadings in the instant case, it is not necessary for us to pass upon these questions. The only ground on which the statute is assailed as unconstitutional in the pleadings is that appellants' cattle were free from statutory disease and that therefore compulsory dipping renders the statute as to them unreasonable and oppressive. If the assumption of fact involved in this proposition be conceded, it would not render the law unconstitutional. The agency selected by the Legislature having, as the result of investigation and inquiry, determined that all the cattle in Coryell county were either infected or exposed to the disease mentioned in the statute, they were subject to the operation of the law. However, in addition to the fact established by the evidence that all of Coryell county was embraced within the quarantine zone, there was also evidence that all cattle in that county were exposed. Therefore we hold that the law is not obnoxious to the Constitution, and is not violative of appellants' rights, personal or property, in the particulars set forth in the pleadings. We are confined by the pleadings to this one ground of constitutional objection, and it is neither proper nor necessary to consider any other constitutional aspect of the law.

[2] As to the contention that the law was being unreasonably and oppressively administered, resulting in injury to appellants' live stock, it is enough to say that the evidence upon this issue is sharply in dispute. There is evidence that the solution being used in the vats was mixed according to the standard formula prescribed by the Department of Agriculture. There lis also evidence that the injuries complained of were caused, not by the solution itself, but by the unhealthy condition of the animals, or by the improper handling of same by the owners or caretakers. Such injuries were exceptional, and the evidence does not undisputably establish the claim that the injuries were caused by improper methods of administering the law.

[3] As to the claim that the injunction should have issued to restrain the criminal prosecution pending and threatened against certain of the appellants, it is a general rule that equity will not entertain a suit for injunction to restrain the prosecution of criminal acts. There is nothing in the circumstances of this case to justify a departure from·this rule. Even if the statute or rules of the Commission were shown to be void, which has not been done in this case, the appellants would have an adequate remedy at law as against the criminal proceedings. If the statute or rules are void, the Court of Criminal Appeals, if necessary, would be the proper tribunal to decide those questions in appeals or habeas corpus proceedings. We refer to the cases collated in Vernon's Sayles' Civil Statutes, note 33, under article 4643.

For the reasons indicated, the assignment, complaining of the refusal of the court to set aside the order of dissolution and to perpetuate the injunction, will be overruled.

[4, 5] There are two assignments of error which complain of the admission of certain testimony. One relates to the testimony of a witness to the effect that, instead of being harmful, the dipping of cattle is beneficial. We cannot see wherein this testimony, even if inadmissible, would be prejudicial to appellants, and require a reversal of the case. The Legislature has determined upon the policy of compulsory dipping in the circumstances required by the statute, and it is not a proper subject of judicial inquiry. This question the Legislature has committed to an agency presumably peculiarly qualified to pass upon it. Furthermore, we regard the testimony as admissible in rebuttal of the

testimony offered by appellants, that dipping caused injuries to their milk and butter supply. Certainly, in such circumstances, it was not reversible error for the court to admit the testimony in question.

[6, 7] The other assignment goes to the admission of certain documentary evidence. The specific point is that the court erred in admitting a certified copy of the rules and regulations of the Live Stock Sanitary Commission of Texas, because it was not certified to by any member of the Commission, but by the acting Secretary of State; and that the indorsement of that officer is hearsay, and does not purport to certify that the document was a true copy of the rules and regulations of the Commission, but only a certificate that it was a purported copy, as appears of record in his office. We do not think any of these objections are good. The document appears to have been filed in the office of the Secretary of State, and, as we believe, under authority of law. We find no requirement that it should be certified to by a member of the Commission before it would be admissible in evidence; besides, under the burden which rested upon appellants to prove their case, the admission of this testimony, if it were error, would not be grounds for a reversal of the cause.

Finding no reversible error in the record, the judgment is affirmed.

Affirmed.