**CITY OF SAN ANTONIO v. SCHUTTE et al.**
**(No. 6842.)**

(Court of Civil Appeals of Texas. San Antonio. Dec. 9, 1922.)

1. **Injunction 102—Injunction will not lie to prohibit violation of ordinances.**

Injunction will not lie to prohibit the violation of municipal ordinances which are full and adequate to furnish means to arrest, convict and properly punish any citizen or resident of the city who deliberately violates them, and where there is an adequate police force to prevent such recklessness and crime.

2. **Injunction 102—Allegation that county court will arbitrarily postpone or delay hearing on appeal from corporation court is no basis for writ of injunction against violating ordinances.**

The presumption will prevail that, when a case is appealed from the corporation court to the county court, the latter will not dismiss it without reason, nor unnecessarily, nor arbitrarily postpone or delay hearing on such case, and such an allegation forms no basis for the issuance of a writ of injunction against those violating the law.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Application for writ of injunction by the City of San Antonio against Henry Schutte and others to restrain defendants from violating certain ordinances. From an order refusing the injunction, plaintiff appeals. Affirmed.

T. H. Ridgeway, R. L. Marshall, Herbert Oliver, and W. J. Park, all of San Antonio, for appellant.

Joseph Ryan and A. L. Matlock, both of San Antonio, for appellees.

FLY, C. J. This is an application for a writ of injunction by appellant to restrain Henry Schutte and 60 other defendants from violating certain ordinances enacted by the appellant for the regulation of service cars operating on the streets for hire, and requiring the procuring of licenses and furnishing of bonds for the faithful performance of their duties. It was alleged that appellees were openly disregarding the ordinances and refusing to obtain licenses and furnish bonds, and had entered into a conspiracy to violate the laws of the city. The trial judge refused a temporary injunction.

[1] The ordinances are full and adequate to furnish means to arrest, convict, and properly punish any citizen or resident of the city who has so little regard for the laws, duly enacted by the governing body of the municipality, to deliberately violate them, and there is an adequate force of police and "confidential investigators" to prevent such lawlessness and crime in the city. The mayor and commission have authority and power to preserve the peace and dignity of the city and to arrest and punish criminals both large and small in the municipality, and should do so under the law and not through' the interposition of a court of equity.

A wave of reckless and promiscuous injunctions seems to be sweeping all over Texas, and men are rushing into courts of equity to obtain injunctions to restrain everything

from the election of United States Senators down to the nomination by a political party of precinct officers and the prevention of the execution of all kinds of laws and city ordinances, and if the execution of law can be prevented, the idea will also obtain that injunctions will be excellent to enforce criminal laws instead of resorting to courts of law for their enforcement.. The writ of injunction is intended and should be used as a strong arm of courts of law, but it should not be used to usurp the prerogatives and hamper the different branches of the state government in the exercise of their constitutional functions. It was intended in its first conception, and should be yet, an aid to the courts in performing their duties, and not to seize their power, or to be used by the courts to cripple and hamper government in discharge of its well-defined duties. It was intended and should be used only to prevent irreparable injury to him who seeks its aid, and not to destroy law, hamper justice, or wreak malice or vengeance on others. Injunction properly issued and administered is a splendid means for preventing wrongs and preserving rights, and is not to be used to wreck laws and defeat the will of the people. It is a protective and preventative rather than a restorative writ, and should not be used where the law provides ample and efficient means for the prevention and punishment of crime and the preservation of rights.

Cities, should not, on flimsy pretenses, and with but little if any regard for the rights of the citizen, be so crippled in the administration of their laws, as to obstruct the course of justice, weaken the respect for law, and create a contempt. for constituted authority,. but injunctions should be strictly confined to the purpose of preventing irreparable injury when the law is inadequate to attain such object. Every branch or arm of the government has its duties well defined by law, and courts should be slow to interfere with them in the full exercise of their duties. The indiscriminate injudicious use of the writ of injunction will ultimately lead to the destruction of our form of government and to the establishment of a tyranny maneuvered by judicial tribunals. The writ of injunction in ·its beneficent use is an agency of the court filled with blessings to the people, but in its lavish and ill-considered application it becomes a terrific abuse of law and order and a menace to republican government.

[2] While the use of the writ of injunction as a means to destroy or impair the efficiency of law is demoralizing, the use of it to shift or shirk responsibility or evade the responsibility resting upon any agency of the state, whether it be municipal or county, is enervating and emasculates and renders ineffective the means supplied by law for the execution of laws confided to the care of such agency

and makes a farce of choosing agents by the people to perform duties delegated to them by their suffrages. Municipal ordinances should be executed through mayor and commission with their body of police, and no appeal should be made to the district courts of the state to prevent through equity the commission of crime which the municipalities should be able to cope with. We cannot accede to the proposition that the county court for criminal cases, or any other court in Bexar county, will refuse promptly and conscientiously to perform the duties devolved on it by the Constitution and laws of Texas. The presumption will prevail that, when a case is appealed from a corporation court to the county court, the latter will not dismiss it without reason, nor unnecessarily or arbitrarily postpone or delay a hearing of such case. Such an allegation forms no basis for the issuance of a writ of injunction against those violating the law.

The judgment will be affirmed.