**VERA et al. v. ROBINSON et al. (No. 8231.)**

Court of Civil Appeals of Texas. San Antonio. April 20, 1929.

Wilson & Cooper, of Carrizzo Springs, for appellants.

Joe W. Caldwell, Jr., of Asherton, for appellees.

FLY, C. J. Appellees, J. W. Robinson and 14 others, applied for and obtained a temporary writ of injunction against Macedonio Vera and 12 others to restrain them, their agents, servants, representatives, and employees, "from assisting employers to secure employees and persons to secure employment, or of collecting information regarding employers seeking employees and persons seeking employment, where any fees are charged, directly or indirectly, without first having fully complied with article 1586 of the Texas Revised Criminal Statutes of 1925 [Pen. Code], requiring employment agents to secure a proper license, and from operating motor vehicles for hire without first complying with article 820 of the Revised Criminal Statutes of 1925 [Pen. Code], or from in any wise operating, as employment agents, motor vehicles for hire contrary to the laws of Texas, until the further orders of this court."

The order for the injunction was obtained under a petition which alleged a violation of a criminal statute, and in the prayer, after reciting the language copied into the order, it was further prayed, in addition to the condition of charging fees, that the defendants should not be permitted to obtain employees, "without first having fully complied with article 1586 of the Texas Revised Criminal Statutes of 1925, requiring employment agents to secure proper license, and from operating motor vehicles for hire without having first complied with article 820 of the Texas Revised Criminal Statutes of 1925, or from in any wise operating as employment agents or operating motor vehicles for hire, contrary to the laws of the state of Texas."

██ The petition in this case fails to show any invasion of property rights, the whole complaint being that appellants were controlling labor for others, and that they were unable to secure necessary laborers without paying exorbitant fees to appellants in this case. It is clear that appellees have no property rights in laborers, and cannot invoke the aid of a court of equity in enforcing the criminal statutes. The state has supplied all machinery required to enforce its criminal

laws, and the different counties elect officers to whom are intrusted the enforcement of all laws against crime. We cannot presume that such officers will fail and refuse to secure the enforcement of criminal laws. Government by injunction must not be allowed to encroach upon courts of law, so as to become oppressive in purely civil cases, and it meets with condemnation and short shrift when it is sought to enforce the execution of criminal laws. Even in the case of torts, the legal remedies are ordinarily considered adequate, and it is only in certain species of torts, where the legal remedy is clearly inadequate, will the injunction be allowed. Pomeroy, Eq. Jur. § 1346 et seq.

■ It may be stated as a general rule that equity will not enjoin persons from committing a criminal act. As said by Pomeroy, Equity Jurisprudence, § 1890: "A court of equity is in no sense a court of criminal jurisdiction. Its primary province is the protection of property rights. Hence an injunction will not be granted to restrain an act merely criminal, where no property is directly endangered thereby." It is not alleged that appellants were seeking to intimidate laborers in the employment of appellees, and that thereby property interests would be endangered, but merely that appellants were securing all the labor for their employers. The laborers are not shown to be in any one's employ, but that appellants were securing labor and taking it to those paying them to secure it, and thus depriving appellees of hiring them. The laborer is not only entitled to his hire, but to select his employer, and unless force, intimidation, or fraud is used to deprive a person of labor already secured, an injunction will not be granted to prevent a monopoly of all the labor obtainable. An employer has the right to employ agents to secure labor for him, and if the agent acts criminally in procuring the labor he cannot be restrained by any one whose rights of property have not been invaded. Even though it should appear from the bill that officers refuse to perform their sworn duty, or that it is difficult to enforce the criminal law, a court of equity will not interfere. Heber v. Portland Gold Mining Co., 64 Colo. 352, 172 P. 12, L. R. A. 1918D, 681.

In the cited case an injunction was sought to prevent the defendants from buying ores stolen from the plaintiff. The trial court granted the injunction, but on appeal the Supreme Court of Colorado reversed the judgment, holding: "The protection of property rights in this case appears only by a course of reasoning, to wit: That, if these defendants are prevented from buying stolen ores, the employees of plaintiffs, who steal ore, finding it no longer profitable, will cease their thefts. The results of the injunction are therefore not determinate, but inferential only. The only actual and direct result is the enjoining of a criminal offense." In the case now under consideration by this court, appellees say the appellants are acting as employment agents without obtaining a license, which is a crime, and are hiring all the laborers and taking them to their employers, while they are not securing the labor necessary to prosecute their business, and therefore they ask that appellants be restrained by a court of equity from violating criminal laws. It is a violation of the rules and principles of equity to grant injunctions for the purposes named by appellees. This court has reiterated this doctrine at different times.

In the case of York v. Ysaguairre, 31 Tex. Civ. App. 26, 71 S. W. 563, decided by this court, appellant sought an injunction to restrain a fellow barber from prosecuting his trade on Sunday, in violation of a penal statute, and this court said: "There is in the petition no allegation that property rights of appellant have been invaded, and it is apparent that the design is to restrain the violation of a penal statute, because such infraction of law is supposed to give the violator some advantage over appellant in the occupation followed by each of them. It is an attempt to secure the aid of a court of equity to restrain a violation of a criminal law, not because the violator has invaded the property rights of complainant, but because such a violation will give the criminal an advantage over his competitor in business. We do not think a court of equity can lend its aid in any such case." A writ of error was denied in that case, and it is cited by Pomeroy in support of the text hereinbefore quoted.

■ The criminal statutes should be executed in all respects, and this court will indulge in the presumption that the officers of Dimmit county, when it is disclosed to them that the criminal laws as applied to employment agents have been violated, will do their duty and use the courts to enforce such laws. Under the provisions of article 1586 of the Penal Code, heavy fines, ranging from a minimum fine of $50 to $250, and imprisonment in jail for a year, may be imposed upon any person engaging in the business of an employment agent, and the officers should see that the law is executed.

In article 5220, Revised Civil Statutes of 1925, special authority is given the Attorney General, in the name of the state of Texas, to procure injunctions to restrain any one from engaging in the business of an employment agent, or in conducting an employment office, in violation of law, and the same power is granted to the district or county attorney, and from the very fact that the Legislature deemed it necessary to give such special power it may be reasonably inferred that every one else is excluded from the exercise of such power.

The order of the district judge, granting the temporary writ of injunction, is reversed

and set aside, and it is order of this court that temporary writ of injunction be denied, and that appellees herein pay all costs of suit.