**STATE et al. v. PUBLIX THEATER CORPO-
RATION OF NEW YORK et al.**

No. 12486.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 31, 1931.

Owsley & Owsley, E. I. Key, and Earl Street, all of Denton, for appellants.

Joe S. Gambill and Robt. H. Hopkins, both of Denton, for appellees.

BUCK, J.

There was presented to the district judge of the Sixteenth judicial district a petition for injunction, seeking to restrain amd enjoin John Campbell, Grover Campbell, Chas. L. Smith, Bob Hester, and Mrs. J. Abney May, representing the Publix Theater Corporation of New York. The petitioner was the state of Texas, suing by Earl Street, county attor-. ney of Denton county, J. F. Solomon, T. B. Lusk, W. E. Loveless, E. J. Headlee, and J. M. Evans as joint plaintiffs.

The petition alleged that the city of Denton was a municipal corporation duly incorporated with a population of about 9,700 people, and that it was a city of schools and churches; that there were located within said city two state institutions of higher education known as the College of Industrial Arts and the North Texas State Teachers' College, as well as a high school and public schools of various grades. That the persons named as defendants had conspired together to carry on and give theatrical entertainments and to permit the Palace Theater to be open for public amusement on Sunday. That a large majority of the citizens of Denton are law-abiding people who believe in obedience to law, and that such flagrant violation of the law is so offensive as to constitute a nuisance. That, if not restrained by the order of court, the said theater would keep open on Sunday and large numbers of young people would gather there, and that the opening of the theater would continue to impress the children and young people and others with disregard of the Sunday law and general disregard of all other laws of the state, and thereby corrupt their minds and create criminals, and the plaintiffs are entitled to have such exhibitions on Sunday declared a nuisance and the restraint of them is required in order to prevent them. That if the defendants are not prevented by injunction they will permit said Palace Theater to be open for amusements on Sunday, August 19, 1930, and every Sunday thereafter, and prosecutions against the defendants therefor will necessarily be so numerous as to crowd the dockets of the court having jurisdiction thereof and entail great unnecessary expense; and that the criminal laws do not afford a complete and adequate remedy, and that it is necessary that an injunction be issued to prevent a multiplicity of suits and prosecutions. That the College of Industrial Arts and the North Texas State Teachers' College are attended by a large number of young men and women as students, from the various parts of the state and from other states, and that said attendance affects and adds to the value of the property in the city of Denton, and particularly of property belonging to plaintiffs; that a material inducement for such students to come to Denton and to attend said institutions of learning is that the city of Denton now has a good reputation as a city of good morals where the laws of the state are respected and observed, and, if the defendants are allowed to continue such exhibitions on Sunday in violation of the law, it is calculated to amd will cause many to fail and refuse to attend such schools in Denton, and the number of such students will be so reduced as to lower the value of property in said city of Denton, and particularly the property of plaintiffs.

This petition appears to be signed by Earl Street, county attorney, Ed I. Key, city attorney, Owsley & Owsley, and J. F. Solomon, for the plaintiffs.

On August 9, 1930, upon the petition being presented to Judge B. W. Boyd, district judge, in chambers, he granted the writ, upon the presentation of a bond in the sum of $200, payable to the defendants. Later, upon motion of defendants, the writ was dissolved, and from said dissolution the plaintiffs have appealed to this court.

### Opinion.

We have not had the benefit of a brief on behalf of the appellees, though we always greatly prefer injunction suits to be briefed by both parties, although the statutes do not require it.

The statutes do not authorize the filing of an injunction on behalf of the state and the granting of an injunction, especially without a hearing, except to restrain and enjoin the keeping open, in violation of the law, places where liquors are sold.

An injunction will not issue to restrain the operation of a moving picture show on Sunday, where such operation constitutes a misdemeanor, punishable under criminal statutes, and no property rights of complainant are involved. Barry v. State (Tex. Civ. App.) 212 S. W. 304. An injunction will not lie to prohibit violation of municipal ordinances which are full and adequate to furnish means to arrest, convict, and properly punish any citizen or resident of city who deliberately violates them, and, where there is adequate police force to prevent such recklessness and crime, presumption prevails that the criminal statutes are adequate. City of San Antonio v. Schutte (Tex. Civ. App.) 246 S. W. 413.

In support of the judgment, it must be presumed that the court found that no adequate cause existed for the issuance of the injunction, and that the court's equity would not enjoin the violation of a criminal statute. See Lewis v. Harrison (Tex. Civ. App.) 229 S. W. 691; York v. Ysaguairre, 31 Tex. Civ. App. 26, 71 S. W. 563; 32 Corpus Juris, p. 275, § 432 et seq.; 14 Ruling Case Law, under title of Injunctions, subdiv. 10, p. 312 et seq.

We therefore conclude that the only ground for reversal of the trial court's judgment is that the evidence shows unmistakably that these persons who are named as joint plaintiffs, with the state, were shown to be entitled to the injunction.

We have examined the evidence carefully, and it certainly does not show that any of the plaintiffs, who are property owners, were in a position to be entitled to the protection of the writ. Certainly, the evidence fails to show that in their property rights they had been specially injured by the opening of the Palace Theater, or that they would likely be so injured. In order to reverse the judgment of the trial court, it would be necessary to show that one or more of the plaintiffs would be specially injured in his property rights by the opening on Sunday of the theater.

We conclude that the judgment of the trial court should be affirmed, and it is so ordered.