## CORCHINE v. HENDERSON et al.
### No. 11781.

Court of Civil Appeals of Texas. Dallas.
April 14, 1934.

J. J. Fagan, of Dallas, for appellant.

Grady Niblo, of Dallas, for appellees.

BOND, Justice.

Appellees, eight in number, instituted this suit in a district court of Dallas county against appellant, seeking an injunction to restrain him from "permitting his place of business at 2921 Elm Street, in the city and county of Dallas, Texas, from being open for the purpose of traffic, and for the purpose of selling and bartering merchandise and auto parts to the public on Sunday, to-wit, February 18, 1934, and on each successive Sunday thereafter," claiming such to be unfair and illegal competition in trade, and an interference with their property rights.

Appellees set forth in their petition that they are engaged in the sale of used auto parts; that they buy old and wrecked automobiles, salvage the useable parts, and sell them to the public; that they have built up a very profitable trade and an established business; and that appellant is in a similar line of business.

Appellees further allege that, in 1933, Congress, assisted by executive orders of the President of the United States, inaugurated what is known as the National Industrial Recovery Act (48 Stat. 195), one of its purposes being to do away with unlawful and unfair competition, placing all lines of similar trades on the same basis; that in keeping with the spirit and purpose of the act, the local dealers in used auto parts joined in the National Recovery Program, organized the "Used Auto Parts Association of Dallas County, Texas," of which appellees and appellant became members, thereby agreeing, in effect, not to violate the law in furtherance of their trade, and especially the Sunday closing statute (article 286, P. C.); that in disregard of the

agreement thus made, the purposes and spirit of the National Program, and the prohibition of the penal statute of the state, appellant willfully permitted his place of business to open, reaped an additional profit of $150 on each Sunday, by diverting to himself the patrons who usually come to appellees' places of business, to appellant's gain and to their great pecuniary injury; that on numerous occasions customers, finding appellees' places of business closed, bought from appellant merchandise which appellees would have sold during the following week.

The district attorney of Dallas county joined in the suit, adopted appellees' pleadings, specially alleging that the "Criminal Statutes of this State do not afford a complete and adequate remedy, and it is necessary that an injunction be issued to prevent a multiplicity of suits and prosecutions."

The application, stripped of formalities, conclusions, and verbiage, and eliminating the features of the petition alleging the violation of the statute and the National Recovery Program, in effect, seeks to have appellees' customers to remain away from business marts, and to go without merchandise which they may be in need of, or desire to purchase, until all persons or firms have an equal opportunity to sell. There is in the petition no allegation that the property rights of appellees have been invaded, and it is apparent that the design is to restrain the violation of a penal statute, because such infraction of law is supposed to give the violator some advantage over appellees in their businesses. The loss of alleged customers is the gravaman of appellees' contention, that their property rights have been invaded, on the speculative conclusion that, if appellant does not sell to them on Sunday, some of the appellees will sell to them on Monday, or some other day during the week. The petition does not disclose the names of the customers or patrons who were diverted, the property which they would have purchased, or the amount of profits which appellees may have been deprived of by the acts of appellant. Thus, it is evident that appellees seek equitable relief for the violation of a criminal statute, on grounds of speculative injury to property rights, based on the loss of trade and patronage which they reasonably expect to reap in the future.

The mere fact that appellant conducts his business at a time when, because of conscientious scruples or fear of the penal law, appellees are constrained not to do so, does not give rise to a court of equity's invasion of the province of a court of criminal jurisdiction. A dealer has no such interest in future trade as would justify an appeal to a court of equity to restrain a competitor from doing that which does not violate an existing right of such dealer.

Appellees have no such right in the observance of the Sunday closing law as to impede its violation through a court of equity, in preventing customers from buying and appellant from selling, on a possibility of sale of merchandise to such customers. A court of equity cannot exercise its power to care for and protect customers and patrons, and direct their course in dealing with business affairs, and to hold their trade for the convenience of sellers of merchandise—no such property right exists in customers and patrons. Thus, in the absence of statutory authority therefor, the rule is that an injunction will not issue to restrain the commission of an act punishable under the criminal statutes, where no property rights of the complainants are involved. York v. Ysaguairre, 31 Tex. Civ. App. 26, 71 S. W. 563; Manor Casino v. State (Tex. Civ. App.) 34 S. W. 769; Barry v. State (Tex. Civ. App.) 212 S. W. 304; State v. Publix Theater Corporation (Tex. Civ. App.) 37 S.W.(2d) 248; Featherstone v. Independent Service Station (Tex. Civ. App.) 10 S.W.(2d) 124.

The violation of article 286, P. C., is not such an act devised by the Legislature and delegated to the district attorney as to challenge by injunction the right of one to open his place of business and sell merchandise on Sunday. The statutes provide the remedy to prosecute such violation in the criminal courts of this state, an effectual protection against the acts complained of. It is not within the powers of courts to ingraft that which is not provided. The district attorney's actions in such matters are clearly controlled by statute, to prosecute the offenders in the criminal courts; no authority exists for such officer to enjoin a violation of the penal statute. Thus, in the absence of such statutory authority, the district attorney is not authorized to seek an injunction.

The fact that the Congress of the United States has inaugurated a National Recovery Program and that appellant has joined the Association of Dealers in similar merchandise in an effort to restore normal conditions and rehabilitate the country, and indorsed the National Industrial Recovery Act, to eliminate unfair and unjust competition, does not authorize a court of equity to enjoin

the violation of such an agreement, in the absence of legislative grant for such relief.

Reviewing appellees' petition, giving to it the full force of the law that the allegations are presumed to be true, and indulging every reasonable intendment in their favor, we conclude that the petition fails to disclose a contingency, or a legislative grant, such as would have authorized the court to enjoin appellant. Thus, the temporary injunction should not have been granted; the judgment of the lower court is reversed and here rendered, dissolving the temporary injunction.

Reversed and rendered.