## CITY OF ODESSA et al. v. HALBROOK

### No. 3560.

Court of Civil Appeals of Texas. El Paso.

March 4, 1937.

Rehearing Denied March 25, 1937.

Paul Moss, of Odessa, for appellants.

John L. Fowler, of Odessa, J. B. Cotten and J. J. Watts, both of Crane, and Fred C. Knollenberg and J. M. Deaver, both of El Paso, for appellee.

NEALON, Chief Justice.

Appellee, C. J. Halbrook, plaintiff below, brought this suit against V. C. Wiggins, mayor of the City of Odessa, a municipal corporation, incorporated under the general laws of the state, and against W. M. Marrs, John Perry, Charles Christian, W. F. Matthews, and J. J. Willis, councilmen of said city, and Hugh Ratliff, city marshal, alleging that said mayor and council (said named councilmen constituting the entire body) had on or about September 7, 1936, denied him a permit to do certain repair work on a building belonging to him and located within the fire zone of said city. It was alleged, and on trial it was proved, that the building was originally erected within the area constituting the fire zone before the ordinance so zoning the city was passed. It was alleged that when constructed the proposed building would comply with section 2 of said ordinance, which reads as follows:

"Every building or structure hereinafter erected or altered within the fire limits shall be composed wholly of brick, stone or Portland Cement concrete, or shall be enclosed on all sides with walls constructed of the aforesaid materials, or if approved by the City Council other hard incombustible materials."

Plaintiff alleged that the mayor and council had abused their discretion in denying the permit. Plaintiff further alleged that the mayor and city council had advised and directed the city marshal to tear down and remove said building out of the fire limits, and made the usual allegations as to irreparable injury and the inadequacy of legal remedies, and prayed for: (1) A mandatory injunction commanding the mayor and city council to grant the requested permit; (2) a temporary injunction or restraining order; and (3) a permanent injunction "restraining the defendants and each of them, their agents and servants from tearing down, removing, destroying or otherwise molesting the said property of plaintiff."

The named defendants answered by general demurrer, special exceptions, general denial; and, joined by the City of Odessa, by way of cross-action alleged that the building was old and dilapidated; that it

had been removed from a former location within the fire limits to the present location in violation of the said ordinance; that on or about June 11, 1936, following the procedure prescribed in said building ordinance, they had, after due notice to plaintiff, passed a resolution reciting that said building was composed of combustible materials; that plaintiff was about to use the building to store hay, grains, and feed, thereby making it dangerous to the public by reason of the probability of its burning; that it had been damaged by its removal to the extent of 50 per cent. of the cost of a similar new building exclusive of the value of the foundation, and was then in a dangerous condition, and ordered the city marshal to take said building down and remove the same at the expense of plaintiff and J. C. Hamilton. Defendants alleged that the building did not comply with the requirements of the ordinance, and was a fire menace, going into details that are unnecessary to repeat. The city prayed that plaintiff and J. C. Hamilton be enjoined from completing said building and be required by proper orders to tear down and remove it and the improvements erected in violation of the ordinances of the City of Odessa.

Plaintiff by supplemental petition challenged the validity of sections 2, 4, and 6 of the ordinance. Section 2 has been quoted. Section 4 prohibits the alteration of any building which has been damaged to more than 50 per cent. of the cost of a similar new building, exclusive of the cost of the foundation, and provides that such building may be torn down when the city council so orders.

J. C. Hamilton filed a disclaimer.

The court instructed the jury to find for plaintiff and against the defendants; and, upon the verdict so rendered judgment denying defendants the relief sought on their cross-action and enjoining permanently each of the defendants, except the City of Odessa, from "tearing down, removing, destroying or otherwise molesting the building of plaintiff," etc.

#### Opinion.

1. While the judgment of the court did not expressly dispose of plaintiff's prayer for mandatory injunction against the city, it did so impliedly by not granting the relief. Plaintiff did not except to the judgment, nor did he appeal.

2. Section 2 of the ordinance is valid. It ordains that buildings within the fire limits shall be composed wholly of brick, stone, or Portland cement concrete, or shall be inclosed on all sides with walls constructed wholly of the aforesaid materials, or if approved by the city council, other hard incombustible material. Applying the rule ejusdem generis, we construe the words "other hard incombustible material" to mean materials of the same kind as those specifically named. It is, therefore, not indefinite. It fixes a standard by which the council shall be guided in exercising its judgment. The material proposed must be of the same fire resistant quality and of the same general character as the enumerated materials. Wisely, the city council realized that other materials than those named and equally efficient in safeguarding against fire might come into use in the community. Hence the general words, which must be construed as stated. Ex parte Henson, 49 Tex.Cr.R. 177, 90 S. W. 874. Clearly some official or board must determine the question of fact as to whether a proposed material measures up to the standard. The council chose not to delegate that duty, but reserved it to itself. This construction is consistent with the holding of the Commission of Appeals in Hargrave v. Texas & Pacific Railway Co., 12 S.W.(2d) 1009, and cases cited therein. Somewhat analogous to the situation in the instant case was that which was before the Illinois Supreme Court in People v. Hawkinson, 324 Ill. 285, 155 N. E. 318. A statute prescribing the requirements of an applicant for a license to practice medicine, provided that the applicant must be a graduate of a school which was reputable and in good standing "in the judgment of the department of registration and education." It was held that this was not a delegation of legislative functions to an administrative officer. It was there said, "An administrative agency, empowered to issue licenses to engage in certain professions, must necessarily exercise quasi judicial power in determining whether a license shall be issued."

3. The city council did not abuse its discretion in refusing the permit. The plaintiff admitted that the building was frame inside and sheet metal outside, and

that he desired to make it of combustible material throughout. The undisputed evidence was that the building was not fire proof; that it was not so considered by the state "fire 'commission"; that such a building when exposed to fire will buckle and will not confine the fire within the area; that the state authorities will approve only masonry, as masonry will undergo greater heat than metal, "and anything close to it will cause it to catch on fire quicker than masonry." It is clear that from the standpoint of fire resistance the proposed materials were not comparable to those specified in the ordinance, nor were they of like kind. City of Brenham v. Holle & Seelhorst (Tex.Civ.App.) 153 S.W. 345.

■ 4. Certainly the building before being repaired, if not afterwards, was a frame building. This frame building was, after the adoption of the ordinance, moved from one location within the fire limits to another in violation of section 5 of the ordinance, which expressly prohibits such action. The injunction granted will, if permitted to stand, permit the plaintiff to enjoy permanently the advantage of his wrongful act. It uses the equity power of the court to protect plaintiff from the full consequences of his transgression of a valid ordinance. This may not be. Equity may not be resorted to in order to attain such an end.

■ 5. The court did not err in denying the city's prayer to enjoin plaintiff from completing the building in violation of the ordinance. In the absence of a statute providing that injunction may issue to prevent the violation of a penal ordinance, a city may not secure such relief, unless necessary to protect its own property. 5 Pomeroy's Eq.Juris. (1905) § 527; City of Austin v. Austin Cemetery Association, 87 Tex. 330, 336, 28 S.W. 528, 47 Am.St.Rep. 114; Manor Casino v. State (Tex.Civ. App.) 34 S.W. 769; State v. Publix Theater Corporation (Tex.Civ.App.) 37 S.W. (2d) 248; Corchine v. Henderson (Tex. Civ.App.) 70 S.W.(2d) 766; City of San Antonio v. Schutte (Tex.Civ.App.) 246 S. W. 413.

■ 6. This brings us to the city's prayer for judgment ordering the removal or destruction of the building. Our Supreme Court, in Crossman v. Galveston, 112 Tex. 303, 247 S.W. 810, 26 A.L.R. 1210, though enjoining summary destruction of a building where action was being taken under a void ordinance, yet recognized the right of a city to destroy a building erected in violation of a valid ordinance. However, if the plaintiff's building was not damaged to the extent of 50 per cent. of its replacement value, exclusive of the value of the foundation, we think that plaintiff would have the right to remove it to its former location or to destroy it; that if the building was damaged in excess of said proportion, plaintiff would have the right to destroy it or remove it beyond the fire limits, if such removal is practicable; that plaintiff would, in either event, have a reasonable time in which to act; that plaintiff has no right to have the building remain at its present location; that in the event plaintiff fails or refuses within a reasonable time to destroy or remove the building, the city marshal or such other agent of the city, as the city council may designate, with such assistance as may be found necessary, would be authorized to remove said building as above indicated, or tear down the building if such removal be not practicable.

The cause is reversed and remanded for new trial in conformity with the foregoing rulings.