## DILLON v. NICODEME.

### No. 3685.

Court of Civil Appeals of Texas. El Paso.

May 19, 1938.

Sam B. Gillett, of El Paso, for appellant.

R. E. Cunningham and Alex Silverman, both of El Paso, for appellee.

NEALON, Chief Justice.

A. E. Dillon, a chiropractor, sued F. M. Nicodeme, another chiropractor, upon an alleged breach of contract. Damages were laid at $5,000, and an injunction was sought to prevent Nicodeme from further practicing his profession in and near the City of El Paso. A jury was impaneled. To it was submitted the single issue, "Do you find that the defendant suspended practicing chiropractic in El Paso from June 1, 1937 to June 14, 1937?" The answer was, "No." No other issues were requested. Judgment was entered in favor of defendant. Plaintiff appealed.

Plaintiff alleged and proved that he bought from defendant for a consideration of $500 all of defendant's "furnishings, furniture, materials, tools, machines, now located in rooms 401-402 Caples Building, El Paso, Texas, together with my good will to my business." The sale was evidenced by a bill of sale, which contained this paragraph:

"This bill of sale not only includes all of my said furniture and fixtures, tools and

implements, now located in said rooms in said building, but also includes my good will in and to my business as a Chiropractor at 402 Caples Bldg., in said city of El Paso in the State of Texas."

As originally prepared the bill of sale contained a stipulation which was erased before the paper was signed and which read, "And I further agree, as a part of and in consideration of this contract and bill of sale not to practice my profession, that is, the business of chiropractic, in opposition to the said Arthur E. Dillon, D. C."

The bill of sale was dated May 1, 1937 and was to take effect June 1, 1937. Plaintiff testified that according to defendant's books the latter had been doing a business that amounted to several thousand dollars per year; that after taking over the business plaintiff got none of defendant's patients. There was no evidence that defendant solicited business from any of his former patients, though he opened an office in the Caples Building shortly after selling to plaintiff.

Plaintiff testified that his business was that of "adjusting for nervousness, headache, stomache trouble, constipation and cases of insanity, loss of memory." It was not shown that he was a licensed practitioner of medicine. For the purposes of the case it was admitted that he was not registered for the practice of his profession in El Paso County or licensed in the State.

### Opinion.

It was contended by plaintiff that defendant by resuming the practice of his profession violated the "good will" feature of the contract. To sustain his position, it would be necessary for plaintiff to produce evidence of solicitation by defendant of the business of former patients, or some attempt to injure plaintiff's business other than engaging in competition. The mere sale of the good will does not carry an implied covenant not to re-engage in the same character of business in the same community. Sheehan v. Sheehan-Hackley & Co., Tex.Civ.App., 196 S.W. 665; Fine v. Lawless, 139 Tenn. 160, 201 S.W. 160, L.R.A.1918C, 1045; Jackson v. Byrnes, 103 Tenn. 698, 54 S.W. 984.

There is a further fatal defect in appellant's case. The "good will" which he seeks to protect, and for the violation of which he seeks to recover damages, arises out of the practice of medicine as defined in Article 741, Penal Code, 1925, and ap-

pellant has not qualified to practice medicine in compliance with the mandate of article 739 of the Penal Code, Vernon's Ann.P.C. art. 739, nor does he allege that he intends to do so, or is able to do so. Therefore, to reap the profits he seeks, he must transgress the penal statutes. A court of equity may not aid him to do this, nor may a court of law compensate him for alleged damages resulting from interference with such a course. City of Odessa v. Halbrook, Tex.Civ.App., 103 S.W.2d 223; City of Wink v. Griffith Amusement Co., Tex.Sup., 100 S.W.2d 695.

The trial court held properly that plaintiff (appellant) was not entitled to recover.

Judgment is affirmed.