GUSTAF PETERSON v. A. D. SMITH ET AL.

Decided July 3, 1902.

**1.—Injunction—Parties—Pilots—Multiplicity of Suits Avoided.**

The legally authorized branch pilots of the port of Galveston may jointly maintain an action by injunction to restrain a pilot from acting as a branch pilot who has not been lawfully empowered to so act.

**2.—Same—Penalties.**

The defendant could not, in such action, maintain that inasmuch as the statute gives to the branch pilot offering his services the right to recover one-half pilotage from the vessel which refuses his services, and $50 as a penalty from the person unlawfully piloting the vessel into the harbor, the branch pilot has no other recourse than an action for such penalties, since the purpose of the law is to prohibit those not duly authorized from piloting vessels when the servives of a duly accredited pilot have been tendered and the penalties are for the purpose of reimbursing the injured branch pilot, and are not penalties in a strict sense.

**3.—Same—Insolvency—No Adequate Remedy.**

An allegation by plaintiffs in such action that the defendant is insolvent, so that the statute authorizing a judgment against him is of no avail, suffices to show that plaintiffs are without adequate remedy at law.

**4.—Same—Pilots—Decree Too Broad—Parties.**

A decree which restrained the defendant from piloting or attempting to pilot any foreign vessel in or out of the port of Galveston was too broad, since the law contemplates that under some circumstances an unlicensed pilot may act; nor could the decree include parties not defendants.

Error from the District Court of Galveston County. Tried below before Hon. Robert M. Franklin.

*Gresham & Gresham,* for plaintiff in error.

*James B. & Chas. J. Stubbs,* for defendants in error.

GILL, ASSOCIATE JUSTICE.—On the 8th of December, 1900, defendants in error, twelve in number, filed their joint petition, alleging that they were the duly commissioned branch pilots for the port of Galveston, and as such they and no others are authorized to offer their services as pilots to vessels entering or leaving the port of Galveston, but that plaintiff in error has no such right or authority, except as to coastwise steam vessels; that notwithstanding this fact, he offers to pilot vessels in and out of the port of Galveston, and pretends to have the authority to do so, holding himself out as a pilot and evincing his purpose to continue so to do.

That he endeavored to compel the State authorities to examine and recommend him as a pilot, but the courts have refused to grant him the mandamus sought, and have sustained the validity of the pilot laws of the State; that, in defiance of the laws of Texas and the judgment of its courts, he persists in interfering with them in the exercise of their lawful duties, and in falsely pretending to be a pilot, and thus deceiving the masters of vessels into allowing him to act in such pretended capac-

ity, and he manifests his determination to continue this course of action, in contravention of law and to their damage in the sum of $1000, as his action has the effect of depriving them of a part of the compensation to which they are entitled by law as pilots.

That his acts are without lawful sanction, real or colorable, and are not only an intrusion upon their rights and duties, but in effect a denial by him of the authority of the State of Texas to regulate the pilotage, and to appoint efficient and responsible pilots with a view to the security of shipping. That he is insolvent and unable to respond to any judgment for damages that may be recovered against him because of his said wrongful and illegal acts; wherefore they pray that he, his associates, agents, and employes be enjoined from piloting or attempting to pilot sail vessels or registered steamers bound to or from foreign ports into and out of the port of Galveston, and from acting or assuming to act as pilot for such vessels into and out of said port, and general relief.

To this petition plaintiff in error demurred, and on the 20th of June, 1901, filed his first amended original answer, in which he alleges that he is a citizen of the United States and of the State of Texas, and has resided continuously for more than ten years at the port of Galveston, which is a greater term of residence in the State than that required by law; that he is an experienced and skillful seaman, and holds a license under the laws of the United States as a pilot of coastwise steam vessels for the port of Galveston; is familiar with the harbor and the entrance thereto; has served for more than five years as a pilot for the United States revenue cutters at that port, and is by education, training, and experience, mentally, physically, morally, and in all other respects qualified to act as a branch pilot, although he had never been appointed or served as deputy pilot; that he has repeatedly within the last three years requested the board of commissioners of pilots to examine him as to his qualifications to act as a branch pilot and to report their findings to the Governor of this State; but they refuse to comply with his request, claiming that, under the laws of this State, they have no authority or right to examine anyone for the position of branch pilot unless the applicant has been appointed by, and has served as a deputy pilot under, one of the defendants in error for a term of one year. Plaintiff in error then offered to prove his competency and skill as a pilot in any manner the court might deem proper.

He admits that each of the defendants in error is a branch pilot and entitled to serve as such at the port of Galveston, but alleges that they have associated themselves together as partners under the name of the Galveston Pilot Association; that they pool their earnings and share equally in the profits and losses; that they refused to appoint him a deputy pilot, and claim that no one can become a branch pilot unless he has been appointed a deputy by one of them and has served as such for one year, the period of probation fixed by the board of commissioners of pilots; that such refusal and claim has the effect of preventing

competition and gives them the exclusive pilot service of the port and the emoluments thereof; that they control and have for a long time controlled the pilotage of the port, and have prevented him from acting as a deputy pilot or branch pilot in competition with them.

He admitted that he piloted into port the steamship Hesperides, but claimed that she was a British vessel, and that he had the right under the laws and treaties of the United States to do so. He denies that the defendants in error have an exclusive right to conduct the pilotage at this port and asserts that they can not take from him his right to enjoy and liberty to pursue, upon terms of equality with all others in similar circumstances, his calling, profession, or trade as a pilot.

To this answer defendants in error demurred. On the 20th of June, 1901, the case came on to be heard. The court overruled the demurrer and exceptions of the plaintiff in error, sustained the demurrer and exceptions of the defendants in error, and entered judgment against plaintiff in error perpetuating the injunction and adjudging him to pay costs. From these rulings this writ of error is prosecuted.

Except as to the party defendant the case is identical with the case of Olsen v. Smith, 23 Texas Civil Appeals, 458, decided by the Court of Civil Appeals at San Antonio, and every question save two presented in the briefs in this case were presented and passed on in the case cited. Since this cause was submitted our Supreme Court has refused a writ of error in Olsen's case, and we deem it unnecessary to seek to add anything to what was said in that case on the questions decided.

While in that case all the branch pilots joined in the application for injunction, the question of misjoinder of parties plaintiff was not made. It is presented here. Equity will interfere to prevent a useless multiplicity of suits, and where several plaintiffs suffer or are threatened with a common injury, and the courts in determining their respective rights must hear the same facts and decide the same questions of law, they will be permitted to join in one proceeding for redress. Gardiner v. Dean, 49 Texas, 243; Blessing v. City of Galveston, 42 Texas, 641; Railway v. Dowe, 70 Texas 8; 1 App. Civ. Cases, secs. 556, 986. A like practice was pursued in Davidson v. Sadler, 57 Southwestern Reporter, 54, in which two public weighers sought to enjoin unofficial weighers from interfering with their duties and privileges. We are of the opinion it was proper to permit the plaintiffs to join in one suit for relief.

The point is also made here that as the law gives the branch pilot offering his services the right to recover half pilotage from the vessel which refuses his services and $50 as a penalty from the person unlawfully piloting the vessel into the harbor, the branch pilot has no further recourse, and those choosing to violate his rights may do so subject to the penalties prescribed and none other. It is further urged that such right is personal and can not be enforced by the pilots jointly. We think it plain that the purpose of the law was to prohibit those not duly authorized from piloting vessels when the services of a duly accredited pilot had been tendered, and not to permit the pilotage laws to be set

at naught merely upon incurring the liability for the penalties prescribed. We think further that these penalties were also prescribed to reimburse the injured branch pilot for his loss, and are not penalties in a strict sense. It is alleged by plaintiffs that the defendant is insolvent, and for that reason the provision of the statute authorizing a judgment against him is without avail. In this view of the matter it is clear that the plaintiffs have shown themselves without adequate remedy at law, and that the point made by defendant is without merit.

The decree in this case, as in Olsen's case, is too general in its terms, including as it does parties not defendants in this proceeding, and is further defective in that it forbids defendant to offer his services as pilot in any case, whereas the law contemplates that others than branch pilots may lawfully pilot vessels into port when for any reason the services of a branch pilot are not to be had. The decree in these respects is reformed, and as so reformed is affirmed.

*Reformed and affirmed.*