## HOLMAN et al. v. WARD et al. (No. 3135.)*

(Court of Civil Appeals of Texas. Texarkana. Dec. 17, 1925. Rehearing Denied Dec. 24, 1925.)

1. **Courts ⬳121(6)—Jurisdiction not lost by reduction of amount claimed by amended petition to less than jurisdictional sum.**

In absence of plea that sum claimed in original petition was fraudulently alleged to give jurisdiction to court, latter did not lose jurisdiction because amount claimed was reduced by amended petition to less than jurisdictional sum, exclusive of interest.

2. **Courts ⬳121(4)—Aggregate sued for in suit on guardian's bond, not amounts due each minor, considered in determining whether court had jurisdiction.**

In determining whether amount in controversy was sufficient to confer jurisdiction of suit on guardian's bond for benefit of all minors, aggregate amount sued for, not separate parts belonging to each minor, should be considered.

3. **Guardian and ward ⬳180—County court's order restating guardian's account conclusive as to amount due minors in action on guardian's bond, where not appealed from.**

Where no appeal was prosecuted, under Vernon's Sayles' Ann. Civ. St. 1914, art. 4290, from order of county court restating guardian's account and directing him to pay into court sum found due to minors, as authorized by articles 4273, 4274, order became final, and could not be collaterally attacked after term at which entered, so that judgment, in action on guardian's bond, allowing interest accruing on such amount prior to county court order, was erroneous.

Appeal from District Court, Lamar County; Newman Phillips, Judge.

Action by E. H. Ward and others against G. P. Holman and others. Judgment for plaintiffs and defendants appeal. Reformed, and affirmed as reformed.

August 2, 1909, appellant Holman was appointed guardian of the estates of E. H., Roy, Cyril, Ola, Reba, and Lloyd Ward, minors. August 5, 1909, he qualified as such guardian by making and filing a bond in the sum of $1,500. Appellants D. C. Humphries and J. T. Conway were the sureties on that bond. January 24, 1919, an order removing Holman from his office as guardian and directing him to file a report showing the condition of said estates was entered by the judge of the county court, and at the same time said E. H. Ward (one of the appellees here), who had become of lawful age, was appointed guardian in his place. It appears from the record sent to this court that Holman did not comply with the order directing him to make a report of the condition of the minors' estates until March 27, 1924. The correctness of the account he then filed was contested by appellees, and the court refused to approve it, but instead restated it, and directed Holman to "deliver to the court the balance shown (by the account as restated) to be due" by him to the minors. The amount charged against Holman in the account as restated was $817.25, and the amount of the credits allowed him was $427.77. The difference between the two amounts was $389.48, which, it is assumed, was the "balance" Holman was directed to deliver to the court. At a time not shown in the record the minor Roy Ward died, and the minor Ola Ward married one Walter Pearson. It seems that the other minors were the sole heirs of Roy Ward, and as such became the owners of his claim against the guardian. This suit was by appellee Cyril Ward, who had become of lawful age, appellee Ola Ward, joined by her husband, and E. H. Ward, in his own behalf, and as guardian of Reba and Lloyd Ward, against said Holman and said appellants Humphries and Conway, the sureties on said bond. It was to recover the sum

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted March 3, 1926.

Holman was directed to pay to the court, as stated above, and interest thereon at the rate of 10 per cent. per annum from August, 1909, the date when said $817.25 belonging to the minors was turned over to Holman as their guardian. After hearing the testimony, the trial court instructed the jury to return a verdict in appellees' favor for the difference between the sum of $817, the amount, as he construed the testimony, turned over to the guardian, and the sum of $432.50, the amount, as he further construed the testimony, of the credits the guardian was entitled to, and for interest at the rate of 10 per cent. per annum. The verdict of the jury was in appellees' favor for $384.75 as the amount of such difference, and for the sum of $692.56 as the amount of the interest chargeable against Holman—or a total of $1,077.31, for which the court rendered judgment in appellees' favor against appellants.

Allen & Baughn, of Paris, for appellants.
T. L. Beauchamp and W. D. Lawrence, both of Paris, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] In support of the contention that the court below did not have jurisdiction of the suit, appellants insist it appeared that the amount in controversy, exclusive of interest claimed, was less than $500. Looking alone to the amended petition on which the trial was had, it did so appear, but the sum sued for according to the original petition was $817.27, exclusive of interest. In such a case it seems to be settled that, when a question as to the jurisdiction of a court, dependent upon the amount in controversy, arises, and there is no plea that the sum claimed in the original petition was fraudulently alleged for the purpose of giving jurisdiction to the court, it (the question) is determinable by reference to the amount claimed in that petition, and not the amount claimed in the amended petition. Ry. Co. v. Bank, 100 Tex. 17, 93 S. W. 431; Wood v. Grocery Co. (Tex. Civ. App.) 164 S. W. 1070; Ins. Co. v. Bank (Tex. Civ. App.) 135 S. W. 1083; Transportation Co. v. Dillard (Tex. Civ. App.) 187 S. W. 975; Trust Co. v. Blasingame (Tex. Civ. App.) 184 S. W. 574. According to that rule the district court, having acquired jurisdiction of the suit made by the original petition, did not lose it because the amount claimed had been reduced by an amended petition to less than $500, exclusive of interest, before the suit was reached for trial.

[2] Another theory upon which appellants insist the trial court was without jurisdiction of the suit is that the $817.27, exclusive of interest, sued for in the original petition, belonged to the minors severally in parts of less than $500 each. It is urged that, in determining whether the amount in controversy was such as to confer jurisdiction upon the court or not, the amount of the parts separately, and not the aggregate thereof, should be looked to. The contention is overruled. The suit was on the one bond given by Holman as guardian for the benefit of all the minors. 28 C. J. 1311; Donnell v. Dansby, 58 Okl. 165, 159 P. 317; Carlile v. Eldridge, 1 White & W. Civ. Cas. Ct. App. § 986; Hamilton v. Wilkerson, 1 White & W. Civ. Cas. Ct. App. § 556; Peterson v. Smith, 30 Tex. Civ. App. 139, 69 S. W. 542.

[3] As shown in the statement above, the judgment in appellees' favor included $692.56 the jury found they were entitled to as interest on the balance ($384.75) of the $817.27 in Holman's hands as guardian, according to his account, as restated by the court. Appellants insist that the order of the county court restating said account and directing Holman to pay into court the balance thereby shown in favor of his wards established conclusively that the liability of Holman was for that balance (to wit, said $384.75) only, and, therefore, that the judgment was erroneous so far as it was also for said sum of $692.56 as interest. We think the contention should be sustained. The county court acted within power it possessed when it restated Holman's account as guardian and directed him to pay into court the sum it found him to be due the minors. Articles 4273 and 4274, Vernon's Sayles' Statutes. An appeal from the action of that court in that respect might have been prosecuted (article 4290, Vernon's Statutes), but none was prosecuted. Hence the order became final, and not collaterally attackable, at the end of the term at which it was made and entered. Simkins' Administration of Estates in Texas, pp. 9, 10. Had Holman then complied with the order by paying into court the $384.75 it determined he was due his wards, we see no reason why, on the case made by the pleadings, such payment would not have operated as a satisfaction in full of the claim asserted by appellees against him and his sureties. If it would, then we see no reason why, on those pleadings, appellees should have been allowed a recovery of a sum in excess of $384.75 and interest thereon from the date, to wit, April 2, 1924, of the order in question.

The judgment will be so reformed as to allow a recovery by appellees against appellants of $384.75 and 6 per cent. interest thereon from April 2, 1924, instead of $1,077.31, and as so reformed it will be affirmed.