BOARD OF INSURANCE COMMISSIONERS ET AL V.
TITLE INSURANCE ASSOCIATION OF TEXAS ET AL

No. A-4545. Decided June 9, 1954.
Rehearing overruled October 6, 1954.
Second rehearing overruled November 24, 1954.
(272 S.W. 2d Series 95)

*Norman, Rounsaville & Hassell,* of Jacksonville, for Southwestern Title & Guaranty Company and Austin Title Company, and *John Ben Shepperd* and *Rudy G. Rice,* assistant Attorney General, for Board of Insurance Commissioners, petitioners.

*T. D. Jeffrey, Marion Fowler* and *Clint Little,* all of Austin, *DeLange, Hudspeth* and *Pitman, C. M. Hudspeth, Albert J. De-Lange* and *E. J. Pitman,* all of Houston, for the title insurance companies, respondents.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

Our statement of the case will, in part, be in the language of the opinion of the Court of Civil Appeals, but, since there are variations in condensation here and there, quotation marks will not be employed.

The respondents, Title Insurance Association of Texas and numerous title insurance and abstract companies, brought this action against the Board of Insurance Commissioners of Texas, hereinafter called the Board, the Southwestern Title and Guaranty Company, and the Austin Title Company, Inc., for an order enjoining the Board from approving an agency contract between the corporate defendants and to enjoin such defendants from illegally transacting a title guaranty business in Travis County. A declaratory judgment was also sought, defining the rights of the parties in the premises. Pleas in abatement on the ground, among others, that the suit was prematurely brought because the Board had not taken any action with respect to the subject contract were sustained by the trial court, and the suit dismissed. Before the case was decided by the Court of Civil Appeals it was made known to that court that, after the judgment of the trial court was rendered, the Board had approved the contract between the corporate petitioners, whereupon the Court of Civil Appeals declared the case moot in so far as it sought to enjoin the Board from approving the contract and dismissed the case as to the Board, but reversed the judgment of the trial court and remanded the case thereto for trial as between the other parties. 264 S.W. 2d 129.

■ Upon oral submission the attorneys representing respondents stated to the court that they recognized that the Board having entered an order approving the questioned contract, it would be necessary for them to change their cause of action to an attack upon the legality of that order, in which action the Board would be a necessary party. When the case was dismissed as to the Board, nothing remained for adjudication. We think that the proper order which the Court of Civil Appeals should have made was one dismissing the whole proceeding without prejudice to the right of respondents to file a suit against petitioners, including the Board, attacking the validity of the questioned order, but from a practical viewpoint the order entered by the Court of Civil Appeals remanding the case as between respondents and corporate petitioners will accomplish the same result without requiring the service of new citations upon the corporate petitioners. Instead of filing a new suit the respondents may file an amended petition in the present suit, making the Board a party and seeking the same relief as would be sought by a new suit. Under this view all appellate costs should be taxed against respondents.

Petitioners question the right of respondents to maintain any suit attacking the validity of the contract between the corporate

petitioners. A consideration of that question calls for a further statement from the record. Some of the respondents are engaged in the title guaranty business and others own and operate abstract plants in Travis County, each of the latter having a contract with the Title Insurance Association of Texas for the issuance of title insurance in Travis County. Such contracts must be approved by the Board, as is provided in Article 9.22 of the Texas Insurance Code, which we quote:

"No commissions, rebates, discounts, or other device shall be paid, allowed or permitted by any company, domestic or foreign, doing the business provided for in this chapter, relating to title policies or underwriting contracts; provided this shall not prevent any title company from appointing as its representative in any county any person, firm or corporation owning and operating an abstract plant in such county and making such arrangements for division of premiums as may be approved by the Board."

Respondents allege that they have at great expense acquired, built, and now own and operate and maintain abstract plants in Travis County; that they have complied with all rules and laws relating to the transaction of title insurance and guaranty business in Travis County as agents for named title insurance companies under contracts duly approved by the Board. They further allege that petitioner Austin Title Company, Inc., does not own and operate an abstract plant in Travis County as contemplated and required by the article above quoted. Other allegations are to the effect that, if corporate petitioners are permitted to operate without complying with the law, respondents will suffer irreparable injury as the result of such "illegal competition," through the loss of their proportionate share of title guaranty business done by corporate petitioners.

It is urged by petitioners that, under Article 1.19 of the Insurance Code, suit cannot be maintained by respondents challenging the right of the corporate petitioners to carry on the business of title insurance under the terms of their contract. That Article reads as follows:

"No action shall be brought or maintained by any person other than the Board for closing up the affairs or to enjoin, restrain, or interfere with the prosecution of the business of any such insurance company organized under the laws of this State."

We agree with the holding of the Court of Civil Appeals that that Article has no application because Article 9.27, Chapter 9,

of the Insurance Code relating to title insurance companies provides that no provision of the insurance code, except Chapter 9, shall apply to title insurance companies or business unless expressly mentioned, and we find no such mention in Article 1.19. Even independent of Article 9.27, we would hold that Article 1.19 would not prevent the maintenance of a suit by interested parties attacking the validity of the order in question. We cannot ascribe to the Legislature the intention to provide by that Article that an order entered by the Board can be attacked for invalidity only by the Board itself. Such construction of the Article would, to say the least, render it of doubtful validity.

■ There is no provision in the statute for an appeal from an order of the Board approving a contract of the nature of the one under review, but the right of proper parties to subject such an order to judicial review must be implied. The property rights of parties cannot be determined by orders of an administrative agency, without a right of judicial review of such orders. City of Amarillo v. Hancock, 150 Texas 231, 239 S.W. 2d 788; English Freight Co. v. Knox, 180 S.W. 2d 633; White v. Bolner et al, 223 S.W. 2d 686, error refused.

■ It is argued that respondents have no right to prevent competition in their business. That would be a correct proposition in the transaction of ordinary business enterprises if the competition is not illegal, but, as well stated in the opinion of the Court of Civil Appeals:

"The business of title insurance is one affected by public use, is of public interest and is subject to reasonable legislative control. Daniel v. Tyrrell & Garth Inv. Co., 127 Texas 213, 93 S.W. 2d 372.

"In the exercise of this control the Legislature has provided that a title company representative in a county must own and operate an abstract plant in such county. Any representative lacking this qualification is an illegal representative and any permit qualification is an illegal representative and any permit authorizing such illegal representative to act for his principal and to divide premiums is invalid and operation thereunder is, in our opinion, an unlawful invasion of a competitor's property rights."

Frost v. Corporation Commission, 278 U.S. 515, 73 L. Ed. 483, 49 Sup. Ct. 235, presents a very close analogy. An Oklahoma statute declared cotton gins to be public utilities and required a showing of public necessity in order to obtain an operat-

ing permit. The State Corporation Commission granted a permit for a gin to operate in Durant without regard to public necessity, and a Durant operator of another gin, under a permit from the Commission, sued to enjoin operation of the gin under the illegal permit. His right to maintain the suit was upheld in an opinion announcing the principles above quoted from the opinion of the Court of Civil Appeals in this case. We are cited to no decision of this court, and we have discovered none, in which this precise question was presented for decision. The briefs of the parties cite various cases decided by Courts of Civil Appeals. It is not deemed necessary to discuss all of those cases. None is directly in point, but the one which we think is based upon sound reasoning, and which is somewhat analogous to the instant case, is Featherstone v. Independent Service Station Assn. of Texas, 10 S.W. 2d 124. In that case the court upheld the right of a service station operator to maintain a suit enjoining a competitor from enticing away his customers through the use of a lottery. The basis of the opinion was that one transacting a legitimate business has a right to enjoin a competitor from transacting an unlawful business.

Upon oral submission there was injected the question of whether the substantial evidence rule should apply in the retrial of the case. Ordinarily, when we remand a case, we decide all questions which will probably arise upon retrial. Since, however, the question has not been briefed or argued orally, and was not mentioned except in response to a question from the bench, and since the response disclosed that counsel for respondents took the position that the rule is inapplicable, it seems advisable not to decide it at this time. It appears that the only question for decision will be whether or not the Austin Title Company owned and operated an abstract plant within the meaning of Article 9.22 of the Texas Insurance Code when the questioned contract was approved. If that is the only issue, it probably will make no practical difference whether the case is tried by that rule or by the rule of the preponderance of the evidence. If the parties regard the question as one of real importance, they may brief it on motion for rehearing.

The judgment of the Court of Civil Appeals is affirmed. All appellate costs are taxed against respondents.

Opinion delivered June 9, 1954.

### ON REHEARING

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

In their motion for rehearing petitioners, Southwestern Title and Guaranty Company and Austin Title Company, Inc., call upon us to pass upon the question of the applicability of the substantial evidence rule upon a retrial of the case. The Article of the Texas Insurance Code (Art. 9.22) empowering the Board to approve the questioned contract is copied in our original opinion. By reference thereto it will be seen that it authorizes a title company to appoint as a representative in any county "any person, firm or corporation owning and operating an abstract plant in such county and making such arrangements for division of premiums as may be approved by the Board."

■ It cannot be determined from the record with certainty what is the exact question which the court will be called upon to decide. If the evidence should disclose that there is unquestionably an abstract plant in operation in Travis County and the question is whether or not Austin Title Company, Inc., and not some other party or company, is its owner, the substantial evidence rule will have no application. This for the reason that the Board as an administrative agency is not clothed with the power to adjudicate the question of title to property. Magnolia Petroleum Co. v. Railroad Commission, 141 Texas 96, 170 S.W. 2d 189; Trapp v. Shell Oil Co., 145 Texas 323, 198 S.W. 2d 424.

If, however, as appears more likely, the question will not be one of title but rather whether the equipment owned by Austin Title Company, Inc., is an abstract plant and the nature of the business conducted is such as to warrant the conclusion that it is an abstract business, the substantial evidence rule would be applicable. The statute does not define an abstract plant. Whether or not a given plant is an abstract plant and operated as such within the meaning of the statute above referred to is a question which the Board is authorized to decide, and a judicial review of its decision should be based on the substantial evidence rule. The matter has been committed to the discretion of the Board, and if its conclusion is reasonably supported by substantial evidence, the court should not substitute its conclusion for that of the Board. That is familiar law supported by many authorities, a number of which are collated in 1 Texas Jurisprudence, Ten Year Supplement, Administrative Law and Procedure, § 43, p. 124, footnote 16.

Motion for rehearing is overruled.

Opinion delivered October 6, 1954.

Second rehearing overruled November 24, 1954.