BOARD OF INSURANCE COMMISSIONERS, Appellants,

v.

TIME LIFE INSURANCE COMPANY, Appellee.

No. 10493.

Court of Civil Appeals of Texas.

Austin.

April 17, 1957.

Will Wilson, Atty. Gen., C. K. Richards, Will D. Davis, Asst. Attys. Gen., for appellants.

M. A. Childers, San Antonio, F. L. Kuykendall, Austin, for appellee.

ARCHER, Chief Justice.

This cause was instituted in the 98th Judicial District Court of Travis County, Texas, by the Time Life Insurance Company of San Antonio, Texas against the Board of Insurance Commissioners of the State of Texas, and was in the nature of an appeal from an order of the Board of Insurance Commissioners dated June 13, 1956. This order denied Time Life Insurance Company a renewed certificate of authority to do an insurance business in this State. The company attacked the order of the Board and alleged that it was arbitrary, unwarranted, and unreasonable. The District Court granted a motion for summary judgment on behalf of Time Life Insurance Company, entered final judgment, and the Board of Insurance Commissioners has perfected its appeal to this Court.

Pursuant to the judgment the Board of Insurance Commissioners on December 14, 1956, issued to Time Life Insurance Company a certificate of authority for the year ending May 31, 1957.

The appellee has filed its motion to dismiss this cause based on the reason that the Board has fully complied with the judgment complained of, and has issued to appellee a certificate of authority and that therefore the case is moot.

By its suit appellee sought to enjoin the Board from interfering with it in the operation of the insurance business and to compel the Board to issue it a certificate of authority. Pending the appeal of this case such certificate was issued.

We believe that the cause is moot.

In the case of City of West University Place v. Martin, 132 Tex. 354, 123 S.W.2d 638, the Supreme Court, under fact situations similar to those in the instant case, held that notwithstanding the appeal, the City issued a permit for the construction of a house, that there remained no actual controversy on the merits which the court could properly decide, and that the case had become moot.

In the case on appeal before us, the appellant was not forced to issue the certificate of authority, since the giving of notice of appeal suspended the judgment, and the grant-

ing of the certificate was voluntary on the part of the Board. The members of the Board could not have been held in contempt or punished in any manner for failure to issue the certificate of authority. The judgment of the District Court has be~n complied with voluntarily.

Title Insurance Association v. Board of Insurance Commissioners, Tex.Civ.App., 264 S.W.2d 129, affirmed by the Supreme Court in 153 Tex. 574, 272 S.W.2d 95.

Under the provisions of the Insurance Code the Board is fully empowered to issue notice of a hearing, conduct such hearing, and to determine that the company is not entitled to a certificate and can by valid order revoke a certificate of authority theretofore granted.

Since we hold that the case is moot we do not discuss the merits of the case any further than we have done.

The judgment of the trial court is reversed and set aside and this cause is dismissed. Freeman v. Burrows, 141 Tex. 318, 171 S.W.2d 863.

Reversed and set aside and cause dismissed.