Bonnie CUMMINS, Appellant,

v.

The BOARD OF TRUSTEES OF the EANES INDEPENDENT SCHOOL DISTRICT et al., Appellees.

No. 11830.

Court of Civil Appeals of Texas, Austin.

June 9, 1971.

Stayton, Maloney, Black, Hearne & Babb, Thomas Black, Austin, for appellant.

Reynolds, White, Allen & Cook, Joe H. Reynolds, Stanley B. Binion, Houston, for appellees.

PHILLIPS, Chief Justice.

Appellant sued for specific performance of her teaching contract with the Eanes Independent School District or for damages for breach of the contract. Appellant also alleges that her treatment by Appellees was unconstitutional in that it violated her right to due process guaranteed by the fourteenth amendment of the United States Constitution and by Article 1, Section 19 of the Texas Constitution, Vernon's Ann. St. and also seeks damages in this regard.

Appellees filed a plea in abatement contending that Appellant had not exhausted her administrative remedy of appeal to the State educational authorities and further claimed sovereign immunity.

After a hearing the court sustained Appellees' plea in abatement, making specific reference to "the failure of the plaintiff, Bonnie Cummins, to appeal from the alleged actions of the Board of Trustees of the Independent School District to the higher school authorities" and entered judgment dismissing the cause.

We reverse the judgment of the district court and remand the case for trial on the merits.

Appellant's first four points deal with the error of the district court in sustaining Appellees' plea in abatement relating to the exhaustion of administrative remedies. Inasmuch as we sustain the first two of these four, we need not notice the remaining two. We sustain Appellees' points relative to the plea in abatement because the contract between Appellant and Appellees, as well as the statute which it tracks, express-

ly prohibit such appeal; thus Appellant had no administrative remedies to exhaust. Further, because there is no genuine issue of fact involved in this suit and thus no need to appeal to higher school authorities.

Appellant entered into a contract to teach English at Westlake High School in the Eanes Independent School District for the school year commencing August 28, 1969, and ending May 29, 1970. Her contract is known in the trade as a "probationary" contract. The termination of her employment is provided for in Paragraph 5 of the contract as follows:

"The Employer may terminate the employment of the Teacher at the end of the contract period set forth herein, if, in the judgment of the Employer, the best interest of the School District will be served. Provided, however, notice of intention to terminate the employment shall be given by the Employer to the Teacher on or before the 1st day of April preceding the end of the employment fixed herein. In the event of failure by the Employer to give notice to the Teacher of its intention to terminate by the 1st day of April preceding the end of the employment fixed herein the Employer shall be deemed to have elected to employ the Teacher in the same capacity and under probationary contract status for the succeeding school year."

Despite this contractual provision Appellees let April 1, 1970, go by without taking any action with respect to Appellant. On April 30, 1970, long after the contractual deadline, Appellees voted not to renew Appellant's contract for the 1970–71 year. Appellant was notified of this action by letter dated May 4, 1970

With respect to reconsideration of actions of this sort Paragraph 6 of Appellant's contract provides:

"In the event that the Teacher is notified by the Employer of its intention to terminate the Teacher's employment at the end of the contract period set forth herein, the Teacher shall have the right, upon written request filed within ten (10) days after such notification, to a hearing before the Employer, and at such hearing the Teacher shall be given reasons for termination of his or her employment. After such hearing, the Employer may confirm or revoke its previous action of termination, but in any event, the decision of the Employer shall be final and nonappealable."

This provision was relied upon "strictly" by Appellees in their dealings with Appellant.

On May 6, 1970, by letter to each Board member, Appellant requested an open hearing and on June 15, 1970, over a month after this request, a "hearing" was attempted. At this "hearing" Appellees expressly refused to go into the question of whether the Board had complied with Appellant's contract in terminating her employment and insisted upon limiting the "hearing" solely to its "reasons" for such action.

After such purported hearing Appellees went into executive session, to the exclusion of Appellant and the interested public, and therein voted to reaffirm the previous action.

Appellant filed this suit on June 18, 1970.

At issue is Appellees' plea in abatement wherein they allege that "Plaintiff is not entitled to maintain and prosecute her suit because she has not exhausted her administrative remedies of appealing to higher school authorities before bringing this suit in Court." This same plea in abatement was filed by Appellee Eanes Independent School District after it was brought into the case, and by agreement of the parties and the court it was taken up at the hearing on September 4, 1970.

In her first amended original petition Appellant alleges that she "did not appeal

the action of defendant Board of Trustees to the State Commissioner of Education or to the State Board of Education."

Section 6 of Appellant's contract, quoted above, and Section 21.204 of Vernon's Texas Education Code, V.T.C.A., are substantially identical.

Section 21.203 of the code, relating to termination of employment, is also plainly the source of Paragraph 5 of Appellant's contract. It provides as follows:

"§ 21.203. Probationary Contract—Termination

The board of trustees of any school district may terminate the employment of any teacher holding a probationary contract at the end of the contract period, if in their judgment the best interests of the school district will be served thereby; provided, that notice of intention to terminate the employment shall be given by the board of trustees to the teacher on or before April 1, preceding the end of the employment term fixed in the contract. In event of failure to give such notice of intention to terminate within the time above specified, the board of trustees shall thereby elect to employ such probationary teacher in the same capacity, and under probationary contract status for the succeeding school year if the teacher has been employed by such district for less than three successive school years, or in a continuing contract position if such teacher has been employed during three consecutive school years."

■ There is no evidence in the record before us that the Eanes Independent School Board had not adopted this statute. By employing Appellant under a contract which faithfully tracks the statute, the Board has obviously chosen to offer her a probationary contract in terms of the statute and is bound thereby. This is in answer to the assertion that the new Texas Education Code is not mandatory but must be adopted by each individual school district.

■ The quoted provisions of the statute must be construed as prohibiting only appeals to State administrative authorities and not as denying independent suits such as this for breach of contract and for deprivation of constitutional rights. Otherwise this provision of the statute is unconstitutional. Board of Insurance Commissioners v. Title Insurance Association of Texas, 153 Tex. 574, 272 S.W.2d 95 (1954). The same can be said for similar provisions in the contract. Thus without recourse to the courts, the Appellant would be without a remedy.

■ Another reason for our holding is that this case involves only questions of law and thus Appellant was not required to exhaust her administrative remedies if any were available to her. Mission Independent School District v. Diserens, 144 Tex. 107, 188 S.W.2d 568 (1945); Alvin Independent School District v. Cooper, 404 S.W.2d 76 (Tex.Civ.App. Houston, 1966, no writ). This case is unlike those requiring teachers who are discharged, and are claiming to have been wrongfully discharged, to exhaust their administrative remedies. Instead, this is a suit wherein Appellant's contract was not renewed, although by its clear terms it self-renewed when it was not terminated by April 1, 1970. There is no issue of fact about this. The terms of the contract are unambiguous. They require the "employer," which is expressly identified only as the board, must give notice of intention to terminate the contract by April 1 or Appellant is automatically rehired for another year. It is undisputed not only that no such notice was given by the board, but also that the board did not even act on Appellant's employment status until April 30, 1970.

■ Nor are we impressed with Appellees' alleged issue of fact that the school

superintendent had no authority initially to sign the contract. This contention is completely inconsistent with the position taken by Appellees at the hearing on June 15, 1970 wherein they relied "strictly" on the contract and made rulings restricting evidence and the scope of the hearing to issues contemplated by Paragraph 6 of the contract. There is neither pleading nor proof that at the hearing the board in any way challenged the superintendent's authority to make the contract or in any way questioned the validity of the contract. Had Appellant appealed this administrative decision to the school authorities there would have been no fact situation concerning the validity of the contract. Consequently, they are estopped from raising one here.

■ Appellant's fifth point of error is that of the court in denying Appellant the right to take depositions before the hearing on the plea in abatement. Our decision here moots this question but we may observe that Appellant has the unquestioned right to take depositions under the rules.

In view of a trial on the merits we will discuss Appellant's sixth point of error relating to a possible sovereign immunity of Appellees from liability on contracts or from damages resulting from unconstitutional behavior.

■ The suit on the contract lies against the school authorities. Gregg v. Hill, 58 S.W.2d 150 (Tex.Civ.App. Waco, 1933, er. ref.). And a recovery from this character of suit could include consequential or special damages under the law. 59 Tex.Jur.2d, Damages, p. 135. A suit sounding in tort will not lie. Russell v. Edgewood Independent School District, 406 S.W.2d 249 (Tex.Civ.App. San Antonio, 1966, writ ref., n. r. e.).

The judgment of the trial court is reversed and the cause is remanded for trial.

Reversed and remanded.