**James W. RUSSELL, Jr.,**
**Plaintiff-Appellant,**

v.

**EL PASO INDEPENDENT SCHOOL**
**DISTRICT et al.,**
**Defendants-Appellees.**

**No. 76–1836**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Sept. 27, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Larry Watts, Houston, Tex., for plaintiff-appellant.

Sam Sparks, Morris A. Galatzan, Kenneth R. Carr, El Paso, Tex., for defendants-appellees.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

GEWIN, Circuit Judge:

A teacher, whose employment contract was not renewed, filed this action alleging infringement of constitutionally protected rights under the first and fourteenth amendments to the United States Constitution and 42 U.S.C. § 1983 (1970). The district court dismissed the case on the pleadings because of plaintiff's failure (1) to exhaust his administrative remedies under Texas state law, and (2) to raise a substantial federal question. A careful review of the record[1] and relevant case law reveals no error and we affirm.

The parties to this appeal differ as to what is the applicable Texas law governing appellant's employment contract with the El Paso School District. Under section 13.104 of the Texas Education Code (1972), the school board's decision not to renew Russell's contract would be "final and non-appealable." Russell contends that this is the applicable statute. For that to be the case, however, it must be shown that the school board in question had adopted the tenure plan contained in Chapter 13 of the Education Code.[2] *Garcia v. Pharr, San*

---

1. The appendix submitted to the court on this appeal is seriously deficient. It does not even contain the appellant's complaint or the district court's order from which the appeal was taken. Consequently, it was necessary to obtain the original record in order to act on this appeal. Counsel should exercise greater care in the presentation of cases on appeal.

2. As shown by the decision in *Cummins v. Board of Trustees of Eanes Independent School*

*Dist.*, 468 S.W.2d 913 (Tex.Civ.App.1971), adoption of the tenure plan does not necessarily require express action by the board of trustees. The Eanes School District was held to have adopted the plan when it issued employment contracts that tracked the tenure statute's language. We find in the present case no substantial evidence of either an explicit or implicit adoption of the plan by the El Paso district prior to the execution of Russell's contract.

*Juan, Alamo School District,* 513 S.W.2d 636, 640 (Tex.Civ.App.1974) (writ ref'd n. r. e.), *citing* Opinion of the Attorney General, 1967, No. M–123. Russell argues that the school district's subsequent adoption and use of the tenure plan amounts to adoption by estoppel. We disagree. The contract in question was executed on August 24, 1973. It was not until December 13, 1973 that the Board of Trustees of the School District adopted the tenure plan. We see no reason to apply retroactively the terms of the tenure plan to an employment contract already in existence.

▉ With regard to the substantiality of the federal question presented by Russell, it is important to note that the contract under which he was employed was for one year. More importantly, this was his first year of employment with the school district. As we said in *Roane v. Callisburg Independent School District,* 511 F.2d 633 (5th Cir. 1975):

> To merit due process protections a person must have more than an "abstract desire" or even a compelling personal need for the interest in question; he must be able to establish a "legitimate claim of entitlement to it." . . . Thus, the mere failure to rehire an employee without restricting his opportunity to search for other employment does not reach constitutional proportions. . . . Moreover, the test is necessarily objective. That Roane himself had a unilateral "expectancy" of continued employment is not determinative absent reasonable indicia of a school board policy or understanding.

*Id.* at 638 (citations omitted). We have carefully reviewed the record in this case and find ourselves in agreement with the court below that Russell had no reasonable expectation of reemployment. *See Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

▉ Similarly, we find no impermissible denial of a liberty interest. " '[W]here a person's good name, reputation, honor, or integrity, is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.' " *Board of Regents v. Roth, supra,* 408 U.S. at 573, 92 S.Ct. at 2707, 33 L.Ed.2d at 558. Russell requested, and was given a full and fair hearing on this matter.

Further inquiry into the merits of this appeal is pretermitted in view of the Supreme Court's recent decision in *Bishop v. Wood,* —— U.S. ——, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). In *Bishop,* which dealt with the discharge of a police officer, Mr. Justice Stevens said:

> The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error. In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways. The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions.

*Id.* at ——, 96 S.Ct. at 2080 (footnote omitted).

The judgment is AFFIRMED.