

# THE ATTORNEY GENERAL OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 30, 1977

Hon. Oscar H. Mauzy, Chairman
Senate Education Committee
Senate of the State of Texas
Austin, Texas 78701

Opinion No. H-1044

Re: Whether a school district may require newly employed teachers to report for a week of preparation without pay.

Dear Senator Mauzy:

You have asked whether a school district may require newly employed teachers to report for five days of preparation without pay in addition to the ten-day period of inservice training permitted by the Education Code. Your request involves an interpretation of certain provisions of the Education Code that have been amended by Senate Bill No. 1 enacted by the First Called Session of the 65th Legislature, effective September 1, 1977. In answering your question we will discuss both the present law and the amendments.

Chapter 16 of the Education Code provides for the Foundation School Program whereby school districts may receive state financial aid. Education Code § 16.004. The commissioner of education, with approval of the State Board of Education, may

> make such rules and regulations consistent with the terms of this chapter as may be necessary to implement and administer the Foundation School Program.

Education Code § 16.005. To receive financial support under the program, school districts must comply with various statutory standards, including those governing compensation of school employees. Id. § 16.051.

Section 16.055 of the Education Code now provides:

> (a) A school district must pay each employee who is qualified for and employed in a position classified under the Texas Public Education Compensation Plan set forth in Section 16.056 of this chapter

> not less than the minimum monthly base salary, plus increments for teaching experience, specified for the position.
>
> (b) Salaries shall be paid on the basis of a minimum of 10 months' service, which must include 180 school days plus not more than 10 days of inservice training and preparation. Personnel employed for more than 10 months shall be paid not less than the minimum monthly base pay plus increments for experience for each month of actual employment. Personnel employed for 11 months must render 210 days of service, and personnel employed for 12 months must render 230 days of service.

(Emphasis added.) This statute expressly limits to ten the number of inservice training days that can be required of teachers paid for ten months' service. In our opinion, under this law a school district may not require teachers employed for ten months of service to report for five additional days of preparation.

Senate Bill 1 makes the following provision for inservice training:

> Each school district must provide for not less than 175 days of instruction for students and not less than 10 days of inservice training and preparation for teachers for the 1977-1978 school year and not less than 175 days of instruction for students and not less than eight days of inservice training and preparation for teachers for each school year thereafter. . . .

Education Code § 16.052(a) (emphasis added). Section 16.055(b), relating to compensation, is amended in part:

> Salaries shall be paid on the basis of a minimum of 10 months' service, which must include the number of days of instruction for students and days of inservice training and preparation for personnel required by Section 16.052 of this code. The days

> of inservice training and preparation required herein shall be conducted by local boards of education under rules and regulations established by the State Board of Education that are consistent with the state accreditation standards for program planning, preparation, and improvement. Personnel employed for more than 10 months shall be paid not less than the minimum monthly base pay plus increments for experience for each month of actual employment. Personnel employed for 11 months must render 210 days of service, and personnel employed for 12 months must render 230 days of service. . . .

The amendment to section 16.052(a) removes the ten day limitation on inservice training. Thus, as of September 1, 1977, school districts may require more than ten days of inservice training, subject to the rules and regulations established by the State Board of Education.

Section 16.055(b) indicates how many days of service must be rendered to receive payment for ten, eleven, or twelve months. A schedule in section 16.056 gives the monthly salary rate applicable to various employee classifications. Section 16.055(b) expressly provides that persons employed for more than ten months "shall be paid not less than the minimum monthly base pay . . . for each month of actual employment." With respect to districts paying the minimum salary required by section 16.055(b), the Texas Education Agency has construed this provision to require payment for any fraction of a month worked of the corresponding fraction of a month's salary. Without this interpretation, a district might require teachers to work 200 days a year for ten months' salary. It could thereby circumvent the pay increase achieved when the legislature mandated ten monthly payments for 190 days of work, rather than the nine months' pay for 180 days formerly required. See Acts 1969, 61st. Leg., ch. 872, § 1, at 2634; Attorney General Opinion M-643 (1970).

If a school district pays for each day of work at least the minimum salary set forth in section 16.056, it has complied with the requirements of section 16.055. It has considerable discretion with respect to how it supplements the basic salary as long as its decision has some reasonable basis. See Attorney General Opinion M-493 (1969). The terms of employment are thus a matter of contract between the district and the employee. If the district wishes to compensate some teachers at a lower rate

than others it may do so, providing that the total compensation is at least the amount required by section 16.056, and that salary differences rest on some reasonable basis. By requiring five extra days of work, the district in effect is changing the compensation rate of newly employed teachers. In our opinion it has authority to do so, but whether it has done so depends on the terms of the particular contract, which is not before us. See e.g., Cummins v. Eanes Independent School Dist., 468 S.W.2d 913 (Tex. Civ. App. -- Austin 1971, no writ); Smith v. Morton Independent School Dist., 85 S.W.2d 853 (Tex. Civ. App. -- Amarillo 1935, writ dism'd).

## S U M M A R Y

Prior to September 1, 1977, a school district could not require a teacher employed on a ten-month contract to serve more than ten days of inservice training. After September 1, 1977, the school districts could require teachers to have more than ten days of inservice training. Article 16.055 of the Education Code does not prevent the district from requiring extra days inservice training without extra compensation, as long as the overall per day compensation is at least equal to the per day compensation under the minimum base pay set out in section 16.056.

Very truly yours,

John L. Hill

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

Hon. Oscar H. Mauzy - Page 5 (H-1044)

C. ROBERT HEATH, Chairman
Opinion Committee

jst

p. 4302